JAMES H. FAULKNER, Retired Justice.
Charles Edwin Coleman appeals following a proceeding on a Rule 20 petition, A.R.Cr.P.Temp., filed by him in the Circuit Court of Jefferson County in case No. CC-83-0911. In that case Coleman had been tried by a jury and found guilty of forgery, second degree, a Class C felony. § 13A-9-3, Code of Alabama 1975. On August 3, 1983, he had been sentenced to 23 years in prison as a habitual offender after he and his attorney stipulated that he had had two prior convictions.
On April 8, 1983, Coleman was indicted for possession of a forged instrument, third degree, in case No. CC-83-01337. On August 3, he withdrew his not guilty plea and entered a guilty plea as to this offense, a Class A misdemeanor.
The case action summary in case No. CC-83-01337 shows the following entry:
“Defendant and Attorney stipulate that he has two prior felony convictions for the purpose of the Habitual [Felony] Offender Act.[1]
“The Defendant being called before the Court for sentence and asked whether he has anything to say as to why sentence should not be pronounced against him says ‘No Sir.’ It is the judgment and sentence of the Court that Defendant be imprisoned in the Penitentiary for a term of 23 years, and it is hereby ordered that the Defendant be credited with all of his actual time spent incarcerated in the Jefferson County Jail pending trial of this cause unless he was serving time for another offense.
“Sentence imposed in this case to run concurrent with sentence imposed in case numbered CC-83-0911.”
The United States Court of Appeals for the Eleventh Circuit set aside the two prior felony convictions. Coleman v. Alabama, 827 F.2d 1469 (11th Cir.1987). These convictions are set forth and considered in Coleman v. State, 539 So.2d 454 (Ala.Cr.App.1988), wherein Coleman had filed three *2 Rule 20 petitions and they had been dismissed for lack of a final judgment.
In the instant case, the trial judge granted the Rule 20 petition and scheduled a resentencing hearing on October 27, 1989, in case No. CC-83-0911 (the second degree forgery case), and he found it necessary to resentence Coleman in Case No. CC-83-1337 — the Class A misdemeanor case.
In each case — CC-83-0911 and CC-83-1337 — the trial court resentenced Coleman to 10 years in the penitentiary, the sentences to run concurrently, and credit gave for actual time spent in the Jefferson County jail.
Coleman raises several issues on appeal, but we discuss only those that relate to the resentencing order. Coleman overlooks the fact that his Rule 20 petition was granted, based upon the ground that new sentences were required because the two prior felony convictions had been set aside by the Eleventh Circuit. Coleman v. State, supra.
In reviewing the sentencing order in case No. CC-83-1337, we hold that the trial court committed reversible error by sentencing Coleman to 10 years in prison for committing a Class A misdemeanor. The maximum penalty for that crime is one year — not 10 years. § 13A-5-7, Code of Alabama 1975. The trial court was without jurisdiction to impose a sentence of 10 years, as it exceeded the maximum authorized by law. Rule 20.1(b), (c). The order is, therefore, set aside. It appears, from a review of the record, that the maximum sentence that could have been properly imposed in case No. CC-83-1337, would have expired by now. Cf. Rule 20.1(d).
As to the resentencing in case No. CC-83-0911, we hold that the sentence of 10 years complies with § 13A-5-6, Code of Alabama 1975. Where a sentence has been imposed by the trial court within the range provided by statute, this Court will not overturn the sentence unless there is a clear abuse by the trial court. Fordham v. State, 513 So.2d 31 (Ala.Cr.App.1986). We find no abuse.
Coleman argues error because the trial judge who resentenced him did not recuse himself and transfer the case to the trial judge who had originally sentenced him as a habitual offender. That judge has retired and now works as a supernumerary judge. Rule 20.6(d) provides that the proceeding shall be assigned to the sentencing judge where possible, but that for good cause the proceeding may be assigned or transferred to another judge. As far as the resentencing judge being vindictive, we find nothing in the record indicating vindictiveness.
By raising certain issues here, Coleman seeks to turn his resentencing into a hearing on the merits of his convictions. We have considered only these issues that apply to the resentencing hearing.
The sentence of 10 years for the Class A misdemeanor in ease No. CC-83-1337 is reversed and set aside as exceeding the period authorized by statute.
The order resentencing Coleman to 10 years in case No. CC-83-0911 is affirmed but the cause is remanded with instructions. His sentence shall be deemed to have begun to run on the date that he was first convicted, which appears to have been sometime in 1983. All of the time, including “good time” and time spent in the Jefferson County jail on that charge, shall be computed to determine how much, if any, time remains to be served by Coleman.
The foregoing opinion was prepared by JAMES H. FAULKNER, Retired Justice, Supreme Court of Alabama, serving as a judge of this court, and his opinion is adopted as that of this court.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED WITH INSTRUCTIONS.
All Judges concur.

. The statute providing for habitual offender enhancement applies to felonies only. Misdemeanors cannot be enhanced under the Habitual Felony Offender Act.