HOUSTON, Justice.
In 1972, Charles Edwin Coleman pleaded guilty to and was convicted of assault and was sentenced to three years’ probation. In 1977, he pleaded guilty to and was convicted of larceny from the person and was sentenced to four years’ probation. In 1982, he pleaded guilty to and was convicted of robbery in the third degree and was sentenced to 15 years’ imprisonment under the Habitual Felony Offender Statute. In 1983, he pleaded guilty to and was convicted of possession of a forged instrument (CC-83-1337) and forgery in the second degree (CC-83-0911) and was sentenced to 23 years for each offense under the Habitual Felony Offender Statute. Subsequently, in 1987 the United States Court of Appeals for the Eleventh Circuit found that Coleman had been denied his constitutional rights when he entered guilty pleas to the 1972 and 1977 convictions, because he had not been informed of his right to request youthful offender treatment, and ordered that Coleman be given a right to replead as to the 1972 and 1977 charges. See Coleman v. Alabama, 827 F.2d 1469 (11th Cir.1987). Thereafter, Coleman filed a Rule 20, Ala.R.Cr.P.Temp., petition in the Circuit Court of Jefferson County, seeking to be resentenced for the 1983 convictions for *4 forgery in the second degree and possession of a forged instrument. The petition was granted and the trial court resen-tenced Coleman to 10 years’ imprisonment on each conviction. (These sentences were entered without use of the prior convictions invalidated by the United States Court of Appeals for the Eleventh Circuit.) The Court of Criminal Appeals, 581 So.2d 1, affirmed the resentence of 10 years for the conviction for forgery in the second degree, but reversed the resentence of 10 years for the conviction for possession of a forged instrument, holding in pertinent part as follows:
“Coleman was indicted for possession of a forged instrument, third degree, in case No. CC-83-1337 ... a Class A misdemeanor. ...
[[Image here]]
“In reviewing the sentencing order in case No. CC-83-1337, we hold that the trial court committed reversible error by sentencing Coleman to 10 years in prison for committing a Class A misdemeanor. The maximum penalty for that crime is one year — not 10 years_ The trial court was without jurisdiction to impose a sentence of 10 years, as it exceeded the maximum authorized by law.... The order is, therefore, set aside.... ”
The State filed an application for rehearing, apprising the Court of Criminal Appeals that Coleman had been convicted of possession of a forged instrument in the second degree, not possession of a forged instrument in the third degree. In its brief on application for rehearing, the State indicated that the case action summary sheet on which the Court of Criminal Appeals had relied was incorrect and requested that the appellate record be supplemented with the correct case action summary sheet. Subsequently, the State filed a certified supplemental transcript with the Court of Criminal Appeals. The State’s application for rehearing was overruled, without opinion. Thereafter, the State filed a petition for writ of certiorari, requesting that we grant the petition in order to review the record, specifically the case action summary sheets pertaining to Coleman’s conviction for possession of a forged instrument, in order to determine whether the trial court committed reversible error in sentencing Coleman to 10 years for possession of a forged instrument in the second degree.
We granted the petition; and from our review of the record, we find that even though the case action summary sheet included in the original record certified to the Court of Criminal Appeals indicated that Coleman had been convicted of possession of a forged instrument in the third degree, the case action summary sheet included in the certified copy of the supplemental transcript filed with the Court of Criminal Appeals, on application for rehearing, had been changed to reflect that Coleman had been convicted of possession of a forged instrument in the second degree. That certified supplemental transcript replaces that portion of the original record that is incorrect and therefore becomes the basis for appellate review.
Furthermore, the indictment, which appears in both the original record certified to the Court of Criminal Appeals and the certified supplemental transcript on application for rehearing, reads, in pertinent part, as follows:
“Charles Edwin Coleman ... did, with intent to defraud, possess or utter a forged instrument ... having knowledge that said instrument was forged, in violation of Section 13A-9-6 of the Alabama Criminal Code....”
Section 13A-9-6 specifically addresses criminal possession of a forged instrument in the second degree, which is a Class C felony. (Criminal possession of a forged instrument in the third degree, a Class A misdemeanor, is addressed in § 13A-9-7.) A Class C felony conviction carries a sentence of not more than 10 years nor less than 1 year and 1 day. Section 13A-5-6.
Based on the foregoing, we reverse the Court of Criminal Appeals’ holding that the trial court erred in resentencing Coleman to 10 years for possession of a forged instrument in the second degree and reinstate that 10-year sentence imposed by the trial court.
*5 REVERSED AND SENTENCE REINSTATED.
HORNSBY, C.J., and MADDOX, ALMON, SHORES, ADAMS, STEAGALL, KENNEDY and INGRAM, JJ., concur.