McMILLAN, Judge.
The appellant was found guilty of manslaughter. On December 28, 1990, he was sentenced as a habitual offender with one prior felony conviction to 40 years’ imprisonment. The prior felony conviction was based on a guilty plea entered in a Georgia court. On October 11, 1991, this Court affirmed his conviction, 595 So.2d 922; the Alabama Supreme Court denied his petition for writ of certiorari on January 24, 1992. On October 31, 1993, the appellant filed a petition requesting that he be resentenced, on the ground that the prior conviction that had been used to enhance his sentence had been overturned.
The record indicates that, after the appellant was sentenced, he filed a motion in the superior court of Troup County, Georgia, seeking to alter his sentence in the case used to enhance his Alabama conviction or, in the alternative, seeking to withdraw his plea on which the Georgia conviction was based. On August 1, 1993, the Georgia court issued an order “nunc pro tunc for that order entered the 22nd day of February, 1985,” in order to allow “first offender treatment ... under the provisions of the Act of Probation of First Offenders.”
The trial court treated the October 31 petition as a Rule 32, A.R.Cr.P., petition and, after an evidentiary hearing, found that the appellant had been properly sentenced. The court found that the Georgia court had lacked jurisdiction to enter an order that would automatically change the sentence in the appellant’s Alabama case and that the petition was procedurally barred for failure to raise the claim at sentencing, failure to file his petition within two years after conviction *199 and sentencing, and failure to allege newly discovered evidence.
I.
The appellant contends that the trial court erred in finding that his petition was proeedurally barred. The appellant is correct because the petition was filed within 2 years of the denial of certiorari review, before which this Court could not have issued a certificate of final judgment. Even if the two-year period had passed, however, the petition would not be proeedurally barred because the petition raised the ground that the sentence exceeded the maximum allowed by law or was unauthorized, a jurisdictional claim that may be raised at any time.
II.
With regard to the merits of the petition, the appellant contends that he was entitled to relief because, he argues, citing Coleman v. State, 581 So.2d 3 (Ala.1991), the prior conviction that was used to enhance his sentence was invalidated after his sentence was imposed. He further contends that because the Georgia conviction is similar to a conviction under the Alabama Youthful Offender Act it should not have been used for the purpose of enhancement.
In Coleman, the United States Court of Appeals had invalidated two prior convictions that had been used to enhance the appellant’s sentence as a habitual felony offender. The federal appeals court held that Coleman had not been informed of his right to request youthful offender treatment when he pleaded guilty to charges that were the basis of the prior convictions; that the court therefore ordered that he be allowed to replead as to the previous charges.
In the present case, the order of the Georgia court contains the following handwritten notation by the court clerk: “The Defendant shall not be considered to have a criminal record, first offender, per order filed August 3rd, 1993, per Wm F. Lee, Jr.[,] Judge.” However, the typewritten order signed by Judge Lee states only, in pertinent part, that the court “amends the Defendant’s sentence to allow first offender treatment on that sentence”; that the order is nunc pro tunc for the 1985 order; and that the order allows “first offender treatment.” It is unclear whether this order validated the appellant’s prior Georgia conviction, because the order neither reversed that conviction nor allowed the appellant to replead as to the charged offense.
Based on the record before us, we cannot determine the intent or legal effect of the Georgia court’s order. Therefore, this cause is remanded to the trial court in order to allow that court to obtain a clarification of the Georgia court’s ruling. A return is to be filed with this Court within 30 days of the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All Judges concur.