LONG, Judge.
Richard Brian Kaska, the appellant, was convicted of burglary in the third degree and of theft of property in the second degree and was sentenced in each case as a habitual felony offender with three prior felony convictions to 20 years’ imprisonment, the sentences to be served concurrently.
The appellant raises three issues on this direct appeal of his convictions. Because we must remand this case to the trial court, we need address at this time only the appellant’s contention that the State did not prove the three prior felony convictions, apparently convictions in other states, used to enhance his sentence. The only evidence presented by the State during the sentencing proceedings was a certified copy of the transcript of a sentencing hearing in a previous case. At the sentencing hearing in that previous case, the appellant had stipulated that he had three prior felony convictions. He had then been sentenced as a habitual felony offender in that ease.
It is true that “a defendant’s prior convictions may be proved by his admissions to those prior convictions at trial.” Hayes v. State, 647 So.2d 11, 13 (Ala.Cr.App.1994). However, we are unaware of precedent applying this rule to a situation where the admission was made in a prior case, and we are unwilling to expand the rule to allow the State to meet its burden of proof under Rule 26.6(b)(3)(iii), A.R.Crim.P., merely by asserting that it did so in a previous case. A defendant who admits having prior convictions during proceedings in one case cannot, in so doing, be said to have knowingly and intentionally relinquished his right to insist that the State prove those convictions in any subsequent case in which he is a defendant. See Webb v. State, 539 So.2d 343 (Ala.Cr.App.1987).
This case is remanded with directions to the trial court to hold a new sentencing hearing at which the State is to prove the appellant’s prior convictions. The State may use convictions that it did not attempt to prove previously, provided that reasonable notice of the State’s intent to proceed under the HFOA and notice of what convictions it will attempt to prove at the sentencing hearing is given before the hearing. Connolly v. State, 602 So.2d 452 (Ala.1992). We note that convictions from sister states may be proven under § 12-21-70, Code of Alabama 1975, or under Rule 44(a)(1), A.R.Civ.P. Ervin v. State, 630 So.2d 115 (Ala.Cr.App.1992). A return to remand shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
*824 The parties, of course, have not relinquished their respective positions regarding the other issues raised on appeal, and this Court reserves comment on those issues until the trial court complies with the directions contained herein and until a proper return is made to this Court.
REMANDED WITH INSTRUCTIONS. 
All Judges concur.