Richard B. Kaska appeals from the trial court's summary dismissal of his Rule 32, Ala.R.Crim.P., petition for postconviction relief. The petition challenged his February 23, 1994, conviction and sentence for receiving stolen property in the second degree. Kaska pleaded guilty to this offense. No direct appeal was taken. His Rule 32 petition was filed on August 12, 1996.
Because the petition was filed outside the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., the only issues presented that are reviewable by this court are Kaska's challenges to the court's jurisdiction to render a judgment and to impose sentence, his challenge to the legality of his sentence, and his claim that newly discovered evidence entitles him to relief.[1] McCollough v. State, 678 So.2d 197, 199
(Ala.Cr.App. 1994); Rule 32.2(c), Ala.R.Crim.P. All other issues are precluded under the two-year limitations period.
Kaska contends that this court's May 10, 1996, unpublished memorandum issued on return to remand from Kaska v. State,677 So.2d 822 (Ala.Cr.App. 1996) (hereafter Kaska I), a later conviction and unrelated to the present case, disclosed to him evidence that he was previously unaware of and that was therefore newly discovered evidence. He argues that this evidence established that he had received ineffective assistance of counsel, that the trial court had been without jurisdiction to impose sentence, and that his sentence was illegal. We disagree that newly discovered evidence was presented and we find that Kaska's ineffective assistance of counsel claim is precluded from review by the two-year limitations period found in Rule 32.2(c), Ala.R.Crim.P. The question of the validity of the convictions for sentence enhancement under the HFOA does not constitute newly discovered evidence because Kaska and his attorney knew about the convictions. Whether the convictions could be used for the purposes of the HFOA could have been discovered through the exercise of reasonable diligence. Because the evidence is not newly discovered, the ineffective assistance of counsel claim was untimely because it was filed beyond the two-year limitations period found in Rule 32.2(c), Ala.R.Crim.P. However, as noted above, Kaska's allegation that the trial court was without jurisdiction to impose sentence is not procedurally barred.
Kaska bases his argument on this court's findings inKaska I. Kaska I is the direct appeal from an unrelated conviction received shortly after Kaska's conviction underlying the present petition. We found it necessary in Kaska I to remand for resentencing, because Kaska had been sentenced as a habitual felony offender, but had not stipulated that he had prior convictions.
This court stated:
 "The only evidence presented by the State during the sentencing proceeding was a certified copy of the transcript of a sentencing hearing in a previous case. At the sentencing hearing in that previous case, the appellant had stipulated that he had three prior felony convictions. He had then been sentenced as a habitual felony offender in that case."
677 So.2d at 823. In Kaska I we held that "[a] defendant who admits having prior convictions during proceedings in one case cannot, *Page 502 
in doing so, be said to have knowingly and intentionally relinquished his right to insist that the State prove those convictions in any subsequent case in which he is a defendant." 677 So.2d at 823. We instructed the trial court in Kaska I to allow the State to prove Kaska's prior convictions at the new sentencing hearing. In our unpublished memorandum issued on return to remand, we affirmed the trial court's findings that Kaska was due to be resentenced as a first-time felony offender. This suggests that the convictions were not valid for sentence enhancement under the Habitual Felony Offender Act ("HFOA").
The "previous case" referred to in the above-quoted language from Kaska I, is the case underlying the Rule 32 petition now before us. Kaska's trial attorney in this case stipulated that Kaska had three prior felony convictions; these convictions could be used to enhance his sentence under the HFOA. However, our memorandum of May 10, 1996, issued in Kaska I implies that these convictions were not valid for sentence enhancement under the HFOA. Therefore, Kaska's petition regarding his 1994 conviction presented an issue, sufficiently supported by facts, which, if true, did prove that he had been improperly sentenced. Rule 32.1(e)(5), Ala.R.Crim.P. An issue regarding the imposition of a sentence that exceeds the maximum allowed by law may be raised at any time.
We do not know whether the three prior felony convictions used to enhance Kaska's sentence in the present case cannot be used for enhancement purposes for some substantive reason or whether the State simply failed to submit them in Kaska I.
Because we cannot answer this question, it appears that the appellant may have been improperly sentenced. We must reverse the trial court's summary dismissal of Kaska's Rule 32 petition because Kaska has presented an issue with merit entitling him to a determination of the merits of the disputed issue.
This summary dismissal of the Rule 32 petition is reversed and this case is remanded with directions to the trial court to grant Kaska a hearing pursuant to Rule 32.9, Ala.R.Crim.P., in order to address the sentencing issue as discussed in this opinion. The State shall produce and submit to the court proper evidence of prior felony convictions at the hearing. The State may submit proof any prior felony conviction in existence before the date of the commission of the crime underlying the conviction contested in this Rule 32 petition on appeal. In the event that the trial court finds that the appellant had less than three valid felony convictions, we authorize the court to resentence the appellant, using the proper prior convictions. However, the State should provide the appellant with prior notice of each felony conviction it intends to rely on at resentencing, and at resentencing, the appellant and his counsel should be present. The trial court shall take such action as necessary, depending on the evidence presented at the hearing, concerning Kaska's sentence. A return to remand shall be filed with this court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REVERSED AND REMANDED.
All the Judges concur.
[1] "Lack of notice of the State's intent to seek sentence enhancement under the HFOA is not a jurisdictional issue and, therefore, is subject to the two-year limitations period."Martin v. State, 687 So.2d 1253 (Ala.Cr.App. 1996). "Boykin
issues are not jurisdictional issues and they are precluded from review if the petition is not filed within the two-year period specified in Rule 32.2(c)." Catchings v. State,684 So.2d 168, (Ala.Cr.App. 1995).