McMILLAN, Judge.
The appellant, Richard B. Kaska, appeals from “the sentence of the trial court imposed on remand in resentencing.”
The appellant, on original submission, appealed from the trial court’s summary dismissal of his Rule 32 petition for post-
*476 conviction relief. The petition challenged his February 23, 1994, conviction and sentence for receiving stolen property in the second degree. The appellant had pleaded guilty to this offense and had been sentenced as a habitual offender to 15 years’ imprisonment, that sentence was suspended and he was placed on probation. He did not file a direct appeal. His Rule 32 petition was filed on August 12, 1996, after his probation was revoked. The trial court summarily dismissed the petition on October 29,1996, as being barred by the period of limitations. The appellant appealed from the summary dismissal, and on May 23, 1997, this Court reversed the trial court’s judgment and remanded this case to the trial court with instructions to hold a new sentencing hearing. See Kaska v. State, 709 So.2d 500 (Ala.Cr.App.1997) (hereinafter Kaska II). Based upon its misinterpretation of our language in Kaska II, the trial court disregarded the provisions of the Habitual Felony Offender Act (“the HFOA”) and resentenced the appellant to 10 years’ imprisonment; the appellant appeals that resentencing. Additionally, because the judgment line in Kaska II was “reverse and remand,” rather than simply a “remand” for a sentencing inquiry, we must treat this case as a “new appeal” rather than one submitted “on return to remand.”
. In Kaska v. State, 677 So.2d 822 (Ala.Cr.App.1996) (hereinafter Kaska I), the appellant filed a direct appeal with this Court from convictions unrelated to the present case. These convictions occurred after the conviction that is the basis of the present petition. In Kaska I, this Court remanded that ease to the trial court with instructions that the trial court conduct a new sentencing hearing, at which the State was to prove the appellant’s prior convictions for sentence enhancement purposes. This Court found the remand necessary because the appellant had been sentenced as a habitual felony offender based upon only a certified copy of the transcript of a sentencing hearing in a previous case wherein the appellant had stipulated that he had three prior felony convictions. Thus, a remand was necessary in Kaska I, because the appellant did not, in Kaska I, stipulate that he had prior convictions for enhancement purposes. In Kaska I, we held that “[a] defendant who admits having prior convictions during proceedings in one case cannot, in doing so, be said to have knowingly and intentionally relinquished his right to insist that the State prove those convictions in any subsequent case in which he is a defendant.” 677 So.2d at 823. On May 10, 1996, in an unpublished memorandum issued on return to remand, this Court affirmed the trial court’s findings that the appellant was due to be resentenced as a “first-time felony offender.”
The “previous case” referred to in the language quoted above from Kaska I was the case underlying this Court’s opinion in Kaska II and is the case underlying the Rule 32 petition now before us. In Kaska II, this Court noted that the appellant’s petition was filed outside the two-year limitations period of Rule 32 and that, therefore, the only issues reviewable by this Court were challenges to the Court’s jurisdiction to render a judgment and to impose sentence, and a claim that newly discovered evidence entitled the appellant to relief.
In examining the appellant’s claim in Kaska II that the trial court was without jurisdiction to impose the sentence, this Court noted that trial counsel stipulated that the appellant had three.prior felony convictions that could be used to enhance his sentence under the HFOA. The Kaska II Court further stated that because “our memorandum of May 10, 1996, issued in Kaska I, implies that these convictions were not valid for sentence enhancement under the HFOA”, the appellant’s “petition regarding his 1994 conviction presented an issue, sufficiently supported by facts, which, if true, did prove that he had been *477 improperly sentenced. Rule 32.1(e)(5), Ala.R.Crim.P.” 709 So.2d at 502. The Kasha, II Court went on to state: “We do not know whether the three prior felony convictions used to enhance Kaska’s sentence in the present case cannot be used for enhancement purposes for some substantive reason or whether the State simply failed to submit them in Kasha I. Because we cannot answer this question, it appears that the appellant may have been improperly sentenced.” Id. at 502. The case was then remanded with instructions that the trial court grant the appellant a hearing pursuant to Rule 32.9, Ala.R.Crim. P., to address the sentencing issue.
Pursuant to this Court’s instruction in Kasha II, the trial court conducted a sentencing hearing. At that hearing, the transcript of the appellant’s original sentencing hearing in this case (i.e., the case charging second-degree receiving stolen property) was made a part of the record. The transcript revealed that the appellant stipulated, in the presence of his attorney, that he had three prior felony convictions that could be used for sentence enhancement. Subsequently, on April 8, 1998, the trial court entered an “Amended Order of Sentencing” acknowledging that “through stipulation this Court has actual knowledge of three prior felony convictions, [but] it is disregarding same based on the Appellant [sic] Court’s mandate that the State produce evidence of prior felony convictions rather than stipulating to them.” The trial court then sentenced the appellant to 10 years’ imprisonment.
It is well settled that when an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Ala.Code 1975. Martin v. State, 687 So.2d 1253 (Ala.Cr.App.1996). See also Cade v. State, 491 So.2d 1075, 1076 (Ala.Cr.App.1986), overruled on other grounds, Ex parte Chambers, 522 So.2d 313 (Ala.1987) (wherein the court found the defendant’s admission to be sufficient proof of three prior felony convictions, after having pleaded guilty pursuant to a plea bargain agreement). See also Craig v. State, 645 So.2d 349, 352-53 (Ala.Cr.App.1994). Here, the evidence presented at the sentencing hearing revealed that the appellant stipulated to three prior convictions. Therefore, the State was relieved of submitting proof of those convictions. Because there was proper evidence before the trial court to sentence the appellant pursuant to the HFOA, it erred in failing to sentence him accordingly. Moreover, the “[a]pplication of the Habitual Felony Offender Act is mandatory where the convicted felon is a repeat offender. A trial judge has no discretion in its application or in consideration of mitigating facts and circumstances. Reynolds v. State, 488 So.2d 4 (Ala.Cr.App.1985); Hughes v. State, 443 So.2d 1382 (Ala.Cr.App.1983).” Thornton v. State, 570 So.2d 762, 774 (Ala.Cr.App.1990).
The remaining issues raised in the appellant’s brief on appeal — that he was not sentenced in compliance with the plea agreement and that the State breached the plea agreement — are precluded from appellate review because they were not presented to the trial court. See Cleveland v. State, 570 So.2d 855 (Ala.Cr.App.1990) (an appellant cannot raise issues on appeal from the denial of a Rule 32 petition that were not raised in the Rule 32 petition).
For the reasons stated herein, this cause is remanded with instructions to the trial court to resentence the appellant in accordance with the Alabama Habitual Felony Offender Act. A return to remand shall be filed with this Court within 63 days of the date of this opinion. The return to remand shall include a transcript of the remand proceedings conducted by the trial court.
REMANDED WITH INSTRUCT *478 TIONS. 
LONG, P.J., and COBB, BROWN, and BASCHAB, JJ., concur.