The appellant, Eric Jones, was convicted of possession of a controlled substance, cocaine, in violation of § 13A-12-212, Code of Alabama 1975. Pursuant to the Habitual Felony Offender Act, he was sentenced to 20 years' imprisonment.
The state's evidence tended to show that on the morning of November 6, 1991, Officer Michael Ray Locke and Officer John Szamier, of the Huntsville Police Department, *Page 950 
were on patrol as part of the Community Officer Resource Team (CORT), which patrols high crime areas and areas known for drug trafficking in Huntsville.
The officers were patrolling the St. Clair housing projects on motorscooters. Officer Locke testified that the housing project was known to be a high crime area where many drug transactions took place. During their patrol, Officer Szamier stopped a man who was carrying an open container of beer, and Officer Locke proceeded past them to the other side of a building in the projects. As he was proceeding down the sidewalk, he saw the appellant and four or five other men sitting on two different automobiles in the parking area. The men were watching Officer Szamier talk to the man carrying the beer. Before Officer Locke approached the area where the men were sitting, he saw the appellant get off of the car fender that he had been sitting on and walk to the back bumper of another car. He saw the appellant pull what appeared to be a small plastic bag containing a white substance out of his pocket. The appellant dropped the bag on the ground and kicked it under the back of the car. He then walked back to the other car and leaned against the fender. Officer Locke testified that the appellant did not turn to see him riding on the sidewalk with his motor scooter out of gear.
Officer Locke then drove up behind the parked cars and shut off his motor. He did not immediately approach the appellant out of concern that one of the other men would remove the plastic bag from under the car. Neither did he pick up the plastic bag himself, out of concern that the appellant would run. When Officer Szamier approached the men, Locke indicated to Szamier that Szamier should take the appellant into custody. Locke then picked up the plastic bag. It contained what appeared to be crack cocaine and Locke called a narcotics investigator to field-test the substance, which tested positive for cocaine. Locke put the bag of cocaine into his pocket, then transported the appellant to the police department. At the police station, Locke put the cocaine into a manila envelope and put the envelope into a drug locker, which he then locked.
 I
The appellant first contends that the police officers did not have probable cause to arrest him, and that, therefore, the trial court erred in denying his motion to suppress the evidence of the cocaine and his motion for a judgment of acquittal.
This court has stated, with respect to probable cause:
 "Probable cause deals with probabilities, not legal technicalities. It is grounded upon those practical, factual considerations of everyday life upon which reasonable and prudent men act. Brinegar v. United States, 338 U.S. 160, 69 S.Ct. 1302, 93 L.Ed. 1879 (1948). Thus, probability and not proof necessary to convict for criminal activities is the standard for determining probable cause. Yielding v. State, 371 So.2d 951
(Ala.Cr.App.), cert. denied, 371 So.2d 962
(Ala. 1979)."
Carter v. State, 405 So.2d 957, 959 (Ala.Cr.App.), cert. denied, 405 So.2d 962 (Ala. 1981).
"Probable cause does not require an officer to compile an airtight case against a suspect." Williams v. State,440 So.2d 1139, 1145 (Ala.Cr.App. 1983). However, the officer must have more than a mere suspicion that the suspect committed a crime.Moore v. State, 415 So.2d 1210, 1216 (Ala.Cr.App.), cert. denied, 459 U.S. 1041, 103 S.Ct. 459, 74 L.Ed.2d 610 (1982). The issue of probable cause "must be determined from the facts of each case." Waldrop v. State, 462 So.2d 1021, 1029
(Ala.Cr.App. 1984), cert. denied, 472 U.S. 1019, 105 S.Ct. 3483,87 L.Ed.2d 618 (1985).
Here, the appellant, upon seeing Officer Szamier questioning the man with the open container of beer, concealed the plastic bag containing a white substance by placing it under the car. Such "furtive gestures" may correctly be taken into account in determining whether probable cause exists. See, e.g.,United States v. Green, 670 F.2d 1148 (D.C. Cir. 1981). The United States Supreme Court, Sibron v. New York, 392 U.S. 40,88 S.Ct. 1889, 20 L.Ed.2d 917 (1968), has stated:
 "[D]eliberately furtive actions and flight at the approach of strangers or law officers *Page 951 
are strong indicia of mens rea, and when coupled with specific knowledge on the part of the officer relating the suspect to the evidence of crime, they are proper factors to be considered in the decision to make an arrest. Brinegar v. United States, 338 U.S. 160 [69 S.Ct. 1302, 93 L.Ed. 1879] (1949); Husty v. United States, 282 U.S. 694 [51 S.Ct. 240, 75 L.Ed. 629] (1931); see Henry v. United States, 361 U.S. 98, 103 [80 S.Ct. 168, 171, 4 L.Ed.2d 134] (1959)."
392 U.S. at 66-67, 88 S.Ct. at 1904-05. See also Molina v.State, 533 So.2d 701, 707 (Ala.Cr.App. 1988), cert. denied,489 U.S. 1086, 109 S.Ct. 1547, 103 L.Ed.2d 851 (1989).
 "Thus, if the police see a person in possession of a highly suspicious object or some object which is not identifiable but which, because of other circumstances, is reasonably suspected to be contraband, and then observe that person make an apparent attempt to conceal that object from police view, probable cause is then present."
W. LaFave, Search and Seizure § 3.6(d) at 58 (2d ed. 1987). See also Lewis v. State, 518 So.2d 214, 218 (Ala.Cr.App. 1987).
Officers Locke and Szamier had probable cause to arrest the appellant. Therefore, the trial court did not err in denying the appellant's motion to suppress and his motion for a judgment of acquittal.
 II
The appellant next contends that the trial court erred in receiving into evidence state's exhibit 2, the small plastic bag containing the crack cocaine. He specifically argues that the evidence should not have been admitted because, he claims, it appeared that the plastic bag and the crack cocaine had been substituted or altered. Apparently, the small plastic bag containing the cocaine was placed in a larger plastic bag after the cocaine was tested. There was, however, nothing to suggest tampering or alteration of the substance, other than any alteration incidental to testing the substance.
This court has stated, with respect to chain of custody, that:
 "The purpose for requiring that the chain of custody be shown is to establish to a reasonable probability that there has been no tampering with the evidence. Williams v. State, 375 So.2d 1257
(Ala.Cr.App.), cert. denied, 375 So.2d 1271
(Ala. 1979); Tate v. State, 435 So.2d 190
(Ala.Cr.App. 1983); Smith v. State, 446 So.2d 68
(Ala.Cr.App. 1984). 'The evidence need not negate the most remote possibility of substitution, alteration, or tampering with the evidence, but rather must prove to a reasonable probability that the item is the same as, and not substantially different from, the object as it existed at the beginning of the chain.' Slaughter v. State, 411 So.2d 819, 822 (Ala.Cr.App. 1981) (emphasis supplied [in Williams])."
Williams v. State, 505 So.2d 1252, 1253 (Ala.Cr.App.), aff'd,505 So.2d 1254 (Ala. 1987).
 "The chain of custody is composed of 'links.' A 'link' is anyone who handled the item. The State must identify each link from the time the item was seized. In order to show a proper chain of custody, the record must show each link and also the following with regard to each link's possession of the item: '(1) [the] receipt of the item; (2) [the] ultimate disposition of the item; i.e., transfer, destruction, or retention; and (3) [the] safeguarding and handling of the item between receipt and disposition.' Imwinklereid, The Identification of Original, Real Evidence, 61 Mil.L.Rev. 145, 159 (1973)."
Ex parte Holton, 590 So.2d 918, 920 (Ala. 1991).
During trial, Officer Locke identified state's exhibit 1 as the envelope in which he had placed the plastic bag. Written on the envelope was Officer Locke's name, his initials, the case number and the inventory number, the suspect's name and date of birth, the crime charged, the date of the incident, and the time and location of the incident. Locke identified state's exhibit 2 as the plastic bag containing the crack cocaine.
Investigator Marilyn Lacy, with the vice and narcotics division of the Huntsville Police *Page 952 
Department, testified that she retrieved the envelope from the drug locker. Lacy testified that she processed the evidence and assigned it a case number but that she did not open the sealed manila envelope or alter the evidence. On November 19, 1991, she took the evidence to the Alabama Department of Forensic Sciences, where she placed it in a locker for the toxicologist to retrieve.
Martha S. Odom testified that she was employed as a forensic drug chemist by the Alabama Department of Forensic Sciences in Huntsville. Her duties include the chemical analysis of substances suspected to be illegal contraband. She testified that she retrieved the manila envelope containing the cocaine from the drug locker at her department on November 19, 1991. According to Odom, when she first received the manila envelope, it was sealed. She testified that she logged in the envelope and put it in her evidence locker, where it stayed until she had an opportunity to perform a chemical analysis. She testified that when she retrieved the envelope from her locker, she placed her initials and the case number on the two plastic bags that contained the cocaine. She said she then performed tests that determined that the substance was indeed cocaine. She then placed the plastic bags and the cocaine back in the manila envelope, sealed the envelope, initialed it, and placed it in the holding area until it could be returned to Officer Locke.
The evidence showed that state's exhibit 2, the small plastic bag containing the crack cocaine, was wrapped in a slightly larger plastic bag. The appellant argues that, because Officer Locke did not recall having seen the larger plastic bag before trial, state's exhibit 2 had been altered or substituted. However, Martha S. Odom, the state toxicologist, testified that both the larger plastic bag and the small plastic bag were in the manila envelope when she received the envelope for testing. She also testified that she had placed her initials and the case number on both plastic bags before testing and that her initials and the case number were still on both bags at trial.
Furthermore, Officer Locke testified that the plastic bag did not come open when the appellant kicked it under the car and that when he picked it up, he immediately put it in his pocket until the narcotics officer could field-test the substance in the bag. Following the field-test, Locke put the bag back into his pocket and transported it to the police station. On no occasion did he open the bag to know whether the small plastic bag was enclosed within a larger plastic bag. He further testified that the small plastic bag and the crack cocaine introduced into evidence at trial were in substantially the same condition as when he picked the bag up at the scene of the crime.
The appellant also notes, in support of his argument, that Officer Szamier was able to say only that state's exhibit 2 "looks familiar," but that he was unable to say that the plastic bag contained the same crack cocaine that he saw on the date of the arrest. However, this testimony is not damaging to proof of the chain of custody. The officer was being honest. Prior to the receipt of the crack cocaine into evidence, Officer Locke testified that the cocaine was in substantially the same condition as it was on the date of the arrest. Furthermore, Officer Szamier's testimony was not a necessary 'link' in the chain of custody. He did not handle the evidence or ever take possession of it. His inability to identify state's exhibit 2 as exactly the same bag of cocaine that he saw on the date of the appellant's arrest would, at worst, affect only the credibility of the evidence and not its admissibility. See, generally, Ex parte Williams,505 So.2d 1254 (Ala. 1987).
The trial court did not err in receiving state's exhibit 2 into evidence.
For the foregoing reasons, the judgment in this cause is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur.
 *Page 65