The appellant, Leon Smart Matthews, was convicted of robbery in the first degree, a violation of § 13A-8-41, Code of Alabama 1975, and of burglary in the first degree, a violation of §13A-7-5. He was sentenced as *Page 147 
an habitual offender to life imprisonment without parole on each conviction, those sentences to be served concurrently.
 I
The appellant contends that there was insufficient evidence to sustain his robbery conviction. Specifically, he asserts that the state never proved that he was armed with a deadly weapon or a dangerous instrument as required in the statute.
§ 13A-8-41 reads in part:
 "(a) A person commits the crime of robbery in the first degree if [during the course of a robbery] he:
 "(1) Is armed with a deadly weapon or dangerous instrument; or
 "(2) Causes serious physical injury to another.
 "(b) Possession then and there of an article used or fashioned in a manner to lead any person who is present reasonably to believe it to be a deadly weapon or dangerous instrument, or any verbal or other representation by the defendant that he is then and there so armed, is prima facie evidence under subsection (a) of this section that he was so armed."
(Emphasis added.)
The evidence tended to show that on the night of July 8, 1994, the appellant broke into the home of William Sample in Dadeville, with the intent to rob him of $1000. Sample testified that he was awakened by the appellant's hand on his face. Sample stated that the blade of a knife was pressing against his neck, and that its pressure was cutting his skin. The appellant demanded $1000 dollars and threatened to kill Sample unless he complied. Sample testified that he grabbed the appellant's hand and began to struggle with him.
Amanda Smith, Sample's stepdaughter, testified that she was awakened by the noise of what sounded like a struggle in her stepfather's room. She testified that she heard the appellant threaten to cut Sample's throat if he did not give him money.
Officer Rhett Watkins with the Dadeville Police Department responded to the robbery call that night. He testified that Sample had cuts on his throat and that the waterbed in Sample's room was cut and was leaking.
"In determining the sufficiency of the evidence to sustain a conviction, a reviewing court must accept as true all evidence introduced by the State, accord the State all legitimate inferences therefrom, and consider all evidence in a light most favorable to the prosecution." Powe v. State, 597 So.2d 721,724 (Ala. 1991). Furthermore, a sufficiency challenge "must be reviewed by determining whether there existed legal evidence before the jury, at the time the motion was made, from which the jury by fair inference could have found the appellant guilty." Breckenridge v. State, 628 So.2d 1012, 1018
(Ala.Cr.App. 1993).
The appellant contends that the state's evidence is insufficient because, he says, Sample did not actually see the weapon used by the appellant, and because a knife or other weapon was never recovered. Nevertheless, the testimony of Sample, Smith, and Watkins constituted legal evidence from which the jury could have concluded that the appellant was armed with a deadly weapon during the course of the robbery. Furthermore, the appellant's threat to cut Sample's throat was prima facie evidence that the appellant had the present ability to carry out his threat. § 13A-8-41(b).
 II
The appellant contends that the trial court erred by not ordering, sua sponte, a mental evaluation of the appellant pursuant to Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836,15 L.Ed.2d 815 (1966). In Pate, the United States Supreme Court held that a court must conduct a competency hearing whenever it learns of facts that raise a "reasonable doubt" as to the defendant's competency to stand trial. At his arraignment, the appellant entered pleas of "not guilty" and "not guilty by reason of mental disease or defect," but he did not request a mental evaluation.
The appellant asserts that the following facts raised reasonable doubt about his competency to stand trial: 1) his refusal to *Page 148 
accept the state's plea offer of 15 years' imprisonment, 2) his decision to testify at trial against the advice of his counsel, and 3) certain disrespectful statements he made to the trial judge at the sentencing hearing. These actions are not unusual in themselves, and there is no basis in the record to attribute them to a mental disease or defect as contrasted with bad judgment or anger. Moreover, the appellant does not cite any instances of aberrant behavior on his part. "The trial court is in a far better position than the reviewing court to determine a defendant's competency to stand trial." Dill v. State,600 So.2d 343, 371 (Ala.Cr.App. 1991), aff'd, 600 So.2d 372
(Ala. 1992), cert. denied, 507 U.S. 924, 113 S.Ct. 1293,122 L.Ed.2d 684 (1993). The record does not support the appellant's contention that his competency to stand trial should have been questioned. Consequently, the trial court cannot be placed in error for failing to order a mental evaluation of the appellant.
 III
The appellant last contends that the trial court erred in using three prior felony convictions to enhance his sentence under the Habitual Felony Offender Act because, he said, evidence of only two convictions was admitted into evidence.
No objection was made at the sentence hearing; thus this issue was not preserved for review. Nichols v. State,629 So.2d 51 (Ala.Cr.App. 1993). Moreover, the record contains certified copies of three prior convictions of the appellant. The case numbers of these convictions correspond to the case numbers offered at the sentence hearing to enhance the appellant's sentence. There was no error here.
For the foregoing reasons, the appellant's convictions are due to be affirmed.
AFFIRMED.
All the Judges concur. *Page 674