WELCH, Judge.
Robert Thomas Mays appeals the Cull-man Circuit Court’s summary dismissal of his Rule 32, Ala. R. Crim. P., petition for postconviction relief. The petition challenged his February 17, 2006, conviction for murder, see § 13A-6-2, Ala. Code 1975, and his resulting sentence of 99 years’ imprisonment. This Court affirmed Mays’s conviction and sentence on-- appeal in an unpublished memorandum issued on February 23, 2007. Mays v. State (No. CR-05-0954), 4 So.3d 584 (Ala. Crim. App. 2007) (table).
Mays filed an in forma pauperis application, which was granted. The instant petition, Mays’s third, was deemed filed on December 28, 2015, and was untimely.
Petitioner’s Claims
Mays filed the standard Rule 32 form found in the appendix to Rule 32, Ala, R. Crim. P., and selected as the basis of his claim ground 12(B), the court was without jurisdiction to render judgment or to impose the sentencé. In- his memorandum supporting his petition, Mays alleged that he was given a mental evaluation to determine his competency but that the trial court failed to hold a hearing or to explicitly find him either competent or incompetent.
State’s Response
The State filed a motion to dismiss, asserting that Mays’s claim was procedurally barred by the following rules: Rule 32.2(a)(2) (precluding claims that were raised at trial); Rule 32.2(a)(3) (precluding claims that could have been raised at trial); Rule 32.2(a)(4) (precluding claims that were raised on appeal); Rule 32.2(a)(5) (precluding claims that could have been raised on appeal); Rule 32.2(b) (precluding claims that were presented in á prior petition and' precluding new nonjurisdictional claims lacking an explanation establishing good causé why the new grounds could not have been presented in the'prior petition); and" Rule 32.2(c) (precluding claims raised in an untimely petition).
The State then pleaded that the claim was not meritorious, specifically alleging:
“A trial court is authorized to make a preliminary determination, without the aid of a jury, as to whether there are reasonable grounds to doubt a defen *1012 dant’s competency to stand trial. Nicks v. State, 783 So.2d 895 (Ala. Crim. App. 1999). It appears that no order was entered as to competency as a result of Petitioner’s mental examination. Neither Section 15-16-21 of the Code of Alabama (1975) nor Rule 11.6 of the Alabama Rules of Criminal Procedure require the trial court to make a specific written finding that a defendant is competent to stand trial when a competency hearing is not held. The Court’s order to set this matter for trial after receiving and reviewing the results of the defendant’s mental examination was a sufficient determination that the defendant was competent to stand trial. This Court complied with all rights invoked by Petitioner upon his plea of not guilty by reason of mental disease or defect and his request for a mental examination.”
(C. 35.)
Circuit Court’s Order
The circuit court issued the following order dismissing the petition:
“ORDER DISMISSING PETITION
“On or about December 30, 2015, the Defendant, Robert Thomas Mays, filed what appears to be at the very least his third petition for post-conviction relief pursuant to Rule 32 of the Alabama Rules of Criminal Procedure. (Robert Thomas Mays is referred to herein as either ‘the Defendant’ or ‘Mays’). On December 13, 2005, Mays was convicted after a jury trial of the intentional murder of his mother and was later sentenced by Circuit Judge Frank Brunner to serve 99 years in the state penitentiary. His conviction was affirmed on appeal and his two subsequent Rule 32 petitions were summarily dismissed. The order dismissing his petitions [was] also appealed by the Defendant and affirmed.
“In his most recent filing, Mays argues that the trial court did not have the authority to proceed to trial without first making a determination as to his competency to stand trial and his sanity at the time of the offense. A similar argument was made in Nicks v. State, 783 So.2d 895 (Ala. Crim. App. 1999). In Nicks, the Court held that the defendant’s ‘competency claim is procedurally barred by Rule 32.2(a)(3) and (5), Ala.R.Crim.P, as a claim that could have been, but was not, raised at trial or on appeal.’ Nicks at 907. The determination of a defendant’s competency to stand trial is a matter that is left to the sound discretion of the trial court. Baker v. City of Huntsville, 516 So.2d 927, 931 (Ala. Cr. App. 1987). Even the Defendant concedes in his petition that ‘[t]he court has discretion to determine if the underlying factual basis constitutes reasonable ground to doubt the accused’s sanity.’ It appears Mays is essentially arguing that the .trial judge in his case abused his discretion. After consideration of the petition, the court finds that the Defendant’s present Rule 32 claim is non-jurisdictional and that it is time-barred pursuant to the provisions of Alabama Rules of Criminal Procedure, Rule 32.2(c). The claim made by Mays in his petition is also precluded by Rule 32.2(a), Ala.R.Ci'im.P., because it was or could have been raised and addressed at trial or on appeal. The petition is also due to be dismissed pursuant to Rule 32.2(b) as a successive petition.
“The Court further finds that because the Defendant has previously filed multiple postconviction petitions in this case, which have been summarily dismissed and affirmed on appeal, it is necessary to adopt reasonable measures to prevent further frivolous litigation by the Defendant that waste limited judicial resources. It is therefore ORDERED and DECREED as follows:
*1013 “1. The Defendant is hereby expressly enjoined from filing any new petition, motion or pleading relating to any claim that he has previously raised on appeal or in a post-conviction petition for relief.
“2. In the event the Defendant files any other post-conviction motion, petition or pleading with this Court he shall execute a sworn affidavit éx-pressly certifying that the claims being raised are new claims that have not [been] previously raised by him in any previous filing.
“3. In the event the Defendant files any other post-conviction motion, petition or pleading with this Court he shall submit with his new petition or motion a summary of all previous post-conviction motions or petitions filed by him that relate to his conviction in the above case. The summary shall include the date of each filing; the claims made by him in each previous filing; the relief requested by him in each filing; a short statement as to the decision of the trial court with respect to each claim and, if the decision was appealed, the ruling of any appellate court.
“4. Any request filed by the Defendant to proceed in forma pauperis shall include the information required in the above paragraphs.
“5. The Defendant shall be subject to the contempt power of this Court in the event he is found in the future to have submitted a false affidavit to the Court or to have willfully violated any other provision of this order. Upon a finding of contempt, the Defendant may be punished as provided by law and this punishment may include an additional period of incarceration for contempt after completion of his sentence in the present case.
“6. The Defendant shall be served with a copy of this order by personal service with return made to the Cull-man County Circuit .Court Clerk.
“The filing restrictions placed on the Defendant by this order have been narrowly tailored to prevent continued frivolous filings by the. Defendant but are designed to allow him access to the courts in the event he has a meritorious claim. In the event any future filing by the Defendant does not conform to the procedure set forth herein, the court will not grant any application to proceed in forma pauperis and the Clerk is directed and hereby ORDERED to refuse to accept a filing fee for any future filings until the Defendant complies with the filing restrictions imposed herein.”
(C. 37-39.)
Standard of Review
When reviewing a circuit court’s summary dismissal of a postconviction petition “ ‘[t]he standard of review this Court uses ... is whether the [circuit] court abused its discretion.’” Lee v. State, 44 So.3d 1145, 1149 (Ala. Crim. App. 2009) (quoting Hunt v. State, 940 So.2d 1041, 1049 (Ala. Crim. App. 2005)). If, however, the circuit court bases its determination on undisputed facts, “an appellate court is presented with pure questions of law, [and] that court’s review in a Rule 32 proceeding is de novo. State v. Hill, 690 So.2d 1201, 1203 (Ala., 1996).” Ex parte White, 792 So.2d 1097, 1098 (Ala. 2001).
Moreover, except for utilizing on appeal a preclusionary bar under circumstances that are not present in this ease, “when reviewing a circuit court’s • rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.” Bush v. State, 92 So.3d 121, 134 (Ala. Crim. App. 2009).
*1014 Appeal
On appeal, Mays reasserts the claim raised in his petition and further argues that the circuit court erred by failing to allow him to amend his petition and that the circuit court erred when it failed to allow Mays to rebut the State’s response,
Mays also presents a .claim not raised in his Rule 32 petition. Mays claims for the first time on appeal that the circuit court erred for failing to hold an evidentia-ry hearing on the due-process violations that resulted in Mays’s being tried and convicted while incompetent. However, he did not allege in his petition that he was in fact incompetent when he was tried; therefore, this claim is not subject to review. See Arrington v. State, 716 So.2d 237, 239 (Ala. Crim. App, 1997)(“An appellant cannot raise an issue on appeal from the denial of a Rule 32 petition which was not raised in the Rule 32 petition.”); see also Fincher v. State, 837 So.2d 876, 881 (Ala. Crim. App. 2002) (“This Court will not remand a case to the circuit court to hold an evidentiary hearing on a jurisdictional claim that was not presented in the petitioner’s Rule 32 petition unless facts appear in the record affirmatively showing a lack of jurisdiction.”).
I.'
On appeal, Mays alleged that he was given a mental evaluation to determine his competency but that the trial court failed to hold a hearing or to explicitly find he was either competent or incompetent. Mays provides in his appellate brief additional facts in support of his claim. This Court will not consider- those additional facts. See, e.g., Bearden v. State, 825 So.2d 868, 872 (Ala. Crim. App. 2001) (“Although Bearden attempts to include more specific facts regarding his claims of ineffective assistance of counsel in his brief to this Court, those allegations are not properly before this Court for review because Bear-den did not include them in his original petition before the circuit court.”).
Mays’s claim is a procedural-competence claim. Procedural-competence claims, i,e., improper determination of whether a defendant should be given a mental evaluation, or whether the trial court should have held a hearing to determine if a defendant is competent or incompetent, are nonjurisdictional.
“Nicks claims that the circuit court erred in denying his Rule 32 petition because, he says, the circuit court failed to hold a hearing to determine his competency to stand .trial, despite what he says was sufficient evidence that he was incompetent to, stand trial. See Pate v. Robinson, 383 U.S. 375, 86 S.Ct. 836, 15 L.Ed.2d 815 (1966). Nicks, in support of this claim, also makes the following arguments:
“A. That the court had a continuing obligation to conduct a competency hearing at any point during trial at which a ‘bona fide’ doubt as to his competénce to stand trial surfaced;
“B. That Alabama law required that any competency hearing be conducted in front of a jury and that any competency determination be -left to the jury;
“C. That the evidence of his lack of competence to stand trial was sufficient to. require the circuit court to hold a competency hearing; and
“D. That the remedy for the circuit court’s error is to hold a retrospective hearing on his competence to stand trial, or, if that is not practical, to vacate his conviction.
“The state argues, and we agree, that this competency claim is procedurally barred by Rule 32.2(a)(3) and (5), Ala. R. Crim. P., as a claim that could have been, but was not, raised at trial or on appeal. See Medina v. Singletary, 59 *1015 F.3d 1095, 1106 (11th Cir. 1995)(stating ‘[a] Pate claim “can and must be raised on direct appeal”’)- Cf. Matthews v. State, 671 So.2d 146 (Ala. Cr. App. 1995), and Dill v. State, 600 So.2d 343 (Ala. Cr. App. 1991)(each raising on- direct appeal a trial court’s failure to sua sponte order a Pate hearing); James v. Singletary, 957 F.2d 1562 (11th Cir. 1992)(holding that a Pate claim ‘can and must be raised on direct appeal’); and Thomas v. State, 766 So.2d 860 (Ala. Cr. App. 1998)(holding that whether the competency hearing was constitutionally inadequate and its results inherently unreliable was procedurally barred pursuant to Rule 32.2(a)(3) and (5), Ala. R. Crim. P.).”
Nicks v. State, 783 So.2d 895, at 906-07 (Ala. Crim. App. 1999).
Therefore, as pleaded by the State and found by the circuit court, this claim was procedurally barred by Rule 32.2(a)(3), because it could have been, but was not, raised at trial; Rule 32.2(b), because it was presented in a successive petition; and, Rule 32.2(c), because the petition was untimely filed.
II.
Mays argues on appeal that the circuit court abused its discretion by failing to allow him to amend his petition. However, Mays did not raise this issue by posttrial motion, such as a motion to reconsider; therefore, the issue was not preserved for this Court’s review.
“The record reflects that Broadnax did not raise this issue in the circuit court, by way of postjudgment motion, or otherwise. Cf. Loggins v. State, 910 So.2d 146, 149 (Ala. Crim. App. 2005) (recognizing a motion to reconsider as a valid postjudgment motion in the Rule 32 context). It is well settled that ‘[t]he general rules of preservation apply to Rule 32 proceedings.’ Boyd v. State, 913 So.2d 1113, 1123 (Ala. Crim. App. 2003). See also Slaton v. State, 902 So.2d 102, 107-08 (Ala. Crim. App. 2003).... Therefore, this issue was not properly preserved for this Court’s review and will not be considered;”
Broadnax v. State, 130 So.3d 1232, 1241 (Ala. Crim. App. 2013).
Moreover, the circuit court' dismissed the petition on April 14, 2016; Mays’s motion to amend was filed on April 15, '2016. Rule 32.7(b) allows amendments only prior to the entry of judgment.
“Bryant’s second amended petition was clearly untimely, having been filed after entry of judgment, and. was properly stricken by the circuit court. See Rule 32.7(b), Ala. R. Crim. P. (‘Amendments to pleadings may be permitted at any stage of the proceedings prior to the entry of judgment.’ (emphasis added)).
“Moreover, the striking of Bryant’s second amended' petition was not contrary to ‘Rule 32’s liberal amendment policy,’ as Bryant contends, because although amendments to Rule’ 32 petitions are to be freely granted, that general rule applies only to amendments timely filed before judgment is entered. Because Bryant’s second amended petition was untimely filed after entry of judgment, the circuit court properly refused to consider it.”
Bryant v. State, 181 So.3d 1087, 1135-36 (Ala. Crim. App. 2011).
III.
In the third issue presented by Mays on appeal, he argues that he was not given an opportunity to respond to the State’s motion to dismiss. However, because he did not present this issue to the circuit court it is not before us. See Broadnax, supra, and Arrington, supra,
Moreover, with regard to Mays’s claim that the circuit court erred in dis *1016 missing his claims without first allowing him an opportunity to respond to the State’s motion to dismiss, this Court has recently addressed this precise issue in Mashburn v. State, 148 So.3d 1094 (Ala. Crim. App. 2018), and held that Rule 32 does not require a circuit court to permit a Rule 32 petitioner to file a response to the State’s answer or motion to dismiss.
“ ‘Rule 32.7(a), Ala. R. Crim. P., allows the State 30 days to file a response to the Rule 32 petition. There is, however, no provision in Rule 32 for the petitioner—who, pursuant to Rule 32.6(b), Ala. R. Crim. P., should have included the full factual basis for his request for relief and each of his legal assertions in his Rule 32 petition—to file a reply to the State’s response.’ ”
148 So.3d 1114 (quoting Jenkins v. State, 105 So.3d 1234, 1244 (Ala. Crim. App. 2011), aff'd, 105 So.3d 1250 (Ala. 2012)).
Conclusion
A circuit court may summarily dismiss a petitioner’s Rule 32 petition pursuant to Rule 32.7(d), Ala. R. Crim. P.,
“[i]f the court determines that the petition is not sufficiently specific, or is precluded, or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings, the court may either dismiss the petition or grant leave to file an amended petition.”
See also Hannon v. State, 861 So.2d 426, 427 (Ala. Crim. App. 2003); Cogman v. State, 852 So.2d 191, 193 (Ala. Crim. App. 2002); Tatum v. State, 607 So.2d 383, 384 (Ala. Crim. App. 1992). Because Mays’s claim was precluded, summary disposition was appropriate. For the reasons stated above, Mays is also due no relief of the second and third issues argued on appeal.
For the foregoing reasons, the judgment of the circuit court is due to be affirmed.
AFFIRMED.
Windom, P.J., and Burke and Joiner, JJ., concur. Kellum, J., not sitting.