Jonathan William Cade was accused of obtaining drugs by fraud, a violation of § 20-2-70, Code of Alabama 1975. Represented by counsel, he pleaded guilty in open court and admitted three prior felony convictions. He signed an affidavit regarding the prior convictions, adding that he was represented by counsel in each. On the basis of a plea-bargain agreement, the court nol-prossed another pending case against Cade and sentenced him to 50 years' imprisonment. Appellant now contends that his prior convictions were not sufficiently proven. When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975. Peoplesv. State, 415 So.2d 1230 (Ala.Crim.App. 1982); Watson v. State,439 So.2d 762 (Ala.Crim.App. 1983). Cade's guilty plea was properly accepted insofar as the technicalities of guilty pleas are concerned.
Section 20-2-70, does not include a designation describing it as a class A, B, or C felony. Section 13A-5-4, Code of Alabama 1975, "Designation of Offenses," provides:
 "(a) The particular classification of each felony defined in this title, except murder under § 13A-6-2, is expressly designated in the chapter or article defining it. Any offense defined outside this title which is declared by law to be a felony without specification of its classification or punishment is punishable as a class C felony."
While punishment is specified in § 20-2-70, classification is not. We interpret § 13A-5-4 to apply to § 20-2-70 and find that violation of the latter code section constitutes a class C felony.
The Habitual Felony Offender Act provides: *Page 1077 
 "(c) In all cases when it is shown that a criminal defendant has been previously convicted of any three felonies and after such convictions has committed another felony, he must be punished as follows: (1) On conviction of a class C felony, he must be punished by imprisonment for life or for any term not more than 99 years but not less than 15 years . . ."
The legislature intended that all felonies be considered under the Habitual Felony Offender Act. Motley v. State,409 So.2d 945 (Ala.Crim.App. 1981).
The negotiated plea for 50 years was within the lawful range of sentences. We are without authority to review a sentence so long as the sentence imposed is within the limits prescribed by the legislature. Riley v. State, 480 So.2d 32 (Ala.Cr.App. 1985); Moreland v. State, 469 So.2d 1305 (Ala.Crim.App. 1985).
This is simply a case in which the appellant wants the benefits of his negotiated plea agreement but seeks to evade the detriments.
AFFIRMED.
All the Judges concur.