The appellant, Raymond Craig, appeals from the circuit court's denial of his petition for post-conviction relief pursuant to A.R.Cr.P. 32. In this petition, Craig contested the validity of his 1986 conviction for first degree theft of property, pursuant to his plea of guilty, and his resulting sentence of 20 years' imprisonment as an habitual offender.
 I.
On appeal, Craig alleges that he was erroneously informed of the potential minimum and maximum sentences under the Habitual Felony Offender Act, Code of Alabama 1975, § 13A-5-9, and thus that his guilty plea was not voluntarily entered with an understanding of the consequences of a plea of guilty. He asserts that the advice as to the sentence range was faulty because, he says, he had only one prior felony conviction that could have been used to enhance his sentence instead of the two that he stipulated to having as part of the plea bargain agreement and on which the sentence range advice was predicated.
In Cantu v. State, [Ms. 1920426, April 15, 1994] 1994 WL 129749 (Ala. 1994), the Alabama Supreme Court held that such a claim is cognizable in a Rule 32 petition only if asserted before the expiration of the two-year limitations period, Rule 32.2(c). Craig's petition, which attacks a 1986 conviction from which he did not appeal, was filed July 20, 1992, after the limitations period had expired. Thus, this issue is not before us, as it was not before the circuit court.
 II.
Craig further asserts that the sentence for his 1986 conviction for first degree theft was improperly enhanced by a youthful offender adjudication (CC-79-137). Craig correctly points out that a youthful offender adjudication cannot be used to enhance a sentence under the Habitual Felony Offender Act.See Ex parte Thomas, 435 So.2d 1324 (Ala. 1982).
However, the record of the guilty plea colloquy, which was included in the record before us, shows that, pursuant to a plea bargain agreement, Craig stipulated that he had two prior felony convictions by which his sentence would be enhanced. In the guilty plea proceeding, Craig answered the following questions affirmatively: *Page 351 
 "Do you understand that as to the Habitual Offender Act, that the burden is upon the State to produce proof to the Court of prior felony convictions?";
 "Do you also understand that although the burden is on the State, that if you acknowledge and admit before the Court you have a prior felony conviction, that would relieve the State of [its] duty to produce evidence of those convictions to the Court?"; and
 "[Do] you understand that in the event that the State makes proof to the Court of your two prior felonies, or you acknowledge you have two prior felony convictions, that the Court would then be looking at a range of punishment in the Habitual Offender Act of a minimum of 15 years to a maximum of 99 years or life[?]."
Then the following occurred:
 "THE COURT: . . . Mr. Craig, you've just heard the recommendation of the State as to the sentence of 20 years. The State also indicated that you did have two prior felonies and your attorney indicated that you would acknowledge or admit that to the Court. Is that correct?
"A. Yes.
 "Q. You do acknowledge you have two prior felony convictions?
"A. Yes, ma'am."
During the April 1, 1993, hearing on Craig's Rule 32 petition, Craig, through appointed counsel, asserted that one of the two convictions used by the prosecution in enhancement was the alleged youthful offender adjudication (CC-79-137).[1] As support for his allegation, Craig introduced into evidence a document titled "Supplement to Delinquency Report Dated 2-1[?]-83," which noted that Craig had been adjudicated a youthful offender in CC-79-137.
In response, the prosecutor asserted, first, that Craig had pleaded by agreement knowingly and that the state had acted to its detriment to accommodate that agreement. The prosecutor explained, "There was a bargain made for a specific sentence and an adjustment made to the charge so it would fit the bargain for the sentence." It is clear that, after having been indicted for first degree robbery, Craig pleaded guilty pursuant to a plea bargain agreement whereby the prosecution consented to have the indictment "amended down because of his prior record" to first degree theft of property and to recommend that Craig be given a 20-year sentence in exchange for Craig's plea of guilty. This agreement allowed Craig to escape the stiffer penalties of a first degree robbery conviction, had he been so convicted. (Assuming that Craig had had two prior felony convictions, the sentence for a first degree robbery conviction would have been life imprisonment or a term of not less than 99 years. See § 13A-5-9(b)(3). Assuming that Craig had had only one prior felony conviction, the sentence range for a first degree robbery conviction would have been "imprisonment for life or for any term of not more than 99 years but not less than 15 years," § 13A-5-9(a)(3). In the event that the prosecution showed, as it alleged in its offer of proof for the factual basis of Craig's guilty plea, that Craig knew his accomplice was going to use an air pistol in the commission of the robbery, the minimum would have been not less than 20 years, § 13A-5-6(a)(4)). The prosecutor further questioned Craig's proof that case CC-79-137 was, in fact, a youthful offender adjudication; he argued that that fact was "only referenced in some document in a pre-sentence report." The prosecutor also alleged that had Craig been considered to have had only one prior felony conviction, which is not questioned, his agreed-to sentence of 20 years' imprisonment would have fallen in the correct range of "two to twenty."[2]
Finally, the prosecutor *Page 352 
noted that Craig had a third prior felony conviction: a 1979 conviction for forgery (CC-79-96) arising out of "a host of check cases back in the late '70's."
The circuit court appeared to adopt Craig's assumption that one of the two prior convictions used to enhance Craig's sentence was the alleged youthful offender adjudication. The prosecutor interjected that, at the plea proceeding, no prior conviction was specified, that "we did two priors, period," and that he did not try to pick them out. The court then asked whether, notwithstanding the youthful offender adjudication, there was some question of whether Craig had two prior felony convictions. The court gave the prosecution 14 days to submit certified documentation of Craig's having two prior felony convictions, and it gave the petitioner 14 days after the prosecution's filing to file any objection to the prosecution's evidence. The court concluded the hearing with the pronouncement that if Craig filed no objection to the prosecution's proof within the specified time period, Craig's petition would be denied.
The record contains no filing by the prosecution, evidently on the prosecutor's assumption that he had filed the necessary documents at the hearing. On May 17, 1993, Craig filed a "Motion for Default Judgment or Summary Judgment," asserting that the felony conviction as to which the prosecutor had offered proof at the previous hearing was not one of his felony convictions. He pointed to the different name: "Ronald Lee Craig" was the defendant's name on the case action summary of the felony conviction.
In a hearing held on June 21, 1993, Craig alleged that the prosecution had not filed any documentation of his having two prior convictions. The prosecutor noted that he had been under the impression that sufficient proof had been shown at the previous hearing. He further asserted that, at the time of Craig's sentencing, no evidence of any prior conviction was introduced. He again reiterated, "It wasn't a matter of relying on any particular one [prior conviction], it was a question of how many [Craig] had." Craig asserted that the third conviction (CC-79-96) related to a person named "Ronald Lee Craig," and not to him. When the prosecutor was asked by the court if "Ronald Lee Craig" was in fact the petitioner Craig, the prosecutor answered, "That's what we think." Craig's counsel responded, "Thinking isn't enough, it needs to be proven it's him." Then, in regard to that conviction (CC-79-96), documentation of which had been filed, the court observed, "I guess from all it appears," that "Ronald Lee Craig" was not the petitioner Craig. The court then gave the prosecutor the rest of that day "to see if [he] ha[d] them." Thereafter, the proceedings concluded. The record shows that no further action was taken and that nothing was filed. The circuit court, in its June 30 order denying Craig's petition, made no mention of this claim of erroneous enhancement, except that "the sentence imposed did not exceed the maximum authorized by law for the offense for which [Craig] was charged."
There is nothing in the record to support Craig's allegation that his stipulation to two prior felony convictions included, as one of the felonies, the specific youthful offender adjudication, as he now alleges. It is the petitioner's burden to prove by a preponderance of the evidence the facts necessary to entitle him to relief. Rule 32.3. Craig's entire issue of improper sentence is grounded on the unsupported assumption that the alleged youthful offender adjudication was, in fact, one of two prior convictions used to enhance his sentence.
Moreover, by his stipulation in the guilty plea proceeding to two prior felony convictions, Craig relieved the prosecution of the burden of proving any specific prior felony conviction.See Burrell v. State, 429 So.2d 636, 640 (Ala.Cr.App. 1982) (where the court held that the general admission by defendant's counsel's that the defendant had three felony convictions admitted "all of the ingredients needed" to prove the convictions). See also Webb v. State, 539 So.2d 343, 352-56
(Ala.Cr.App. 1987) (discussing the requirements for an admission to be deemed a solemn judicial admission or formal waiver of the prosecution's proof at sentencing). "When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975." Cade v.State, 491 So.2d 1075, 1076 (Ala.Cr.App. *Page 353 
1986), rev'd on other ground, 548 So.2d 1099 (Ala. 1989) (wherein the court found to be sufficient proof the defendant's admission, after having pleaded guilty pursuant to a plea bargain agreement, to having three prior felony convictions);Faircloth v. State, 471 So.2d 485, 493 (Ala.Cr.App. 1984) (wherein the court held to be a waiver the defendant's declaration that he was not contesting the prior convictions). Because Craig, by his stipulation, waived the prosecution's burden of proving the prior convictions, he cannot now complain that the prosecution did not meet that burden. See Webb, 539 So.2d at 354 (quoting 22A C.J.S., Criminal Law § 733 at 1061-62 (1961) (observing that judicial admissions "are conclusive on the person making them at least for the purposes of the case in which they are made") (emphasis omitted)).
 "[The judicial admission] is conclusive in the sense that it formally waives all right to deny, for the purposes of the trial; it removes the proposition in question from the field of disputed issues. . . .
 "Were it otherwise, an admission of prior conviction, made with undisclosed qualifications, would result in the nullification of the admission. The action would be pointless, unless designed to ensnare the opposition, which proposition we do not entertain in this case. We think there is a difference between there being a deficiency in the required preliminary proof as a foundation for the introduction of a certified copy of a record of conviction, as where the record is silent as to the presence of legal counsel, and an admission by the defendant of the fact of his prior conviction. The admission would seem to us to supply all of the necessary requirements for this area of proof in the case."
Donahay v. State, 287 Ala. 716, 718-19, 255 So.2d 599, 601
(1971). The proper avenue for Craig's complaint would have been a timely assertion of ineffective counsel, which he is now foreclosed from asserting because of the expiration of the two-year limitations period, Rule 32.2(c). See Parts I and III of this opinion.
The attorney general asks us to remand this case for a determination by the circuit court of whether Craig was properly sentenced. He argues that "the record before this court does not reveal the two prior convictions that the State would have had to prove if Appellant would not have stipulated to being a habitual offender at the time of his guilty plea." As discussed above, we conclude that Craig's prior convictions were sufficiently proven at his sentencing hearing and that the prosecution did not again have to satisfy its burden. Moreover, because Craig's two prior convictions were properly proven at the sentencing hearing and because he was thus properly sentenced as an habitual offender with two prior felony convictions, we reject the attorney general's suggestion that Craig's claim presents a jurisdictional question that is excluded from the operation of Rule 32.2(c).
 III.
Craig also alleges that his trial counsel was ineffective because, he says, counsel gave him "false assurances . . . as to the number of prior felony convictions" that could be used to enhance his sentence; because, he says, counsel allowed the trial court to enhance Craig's sentence with a youthful offender adjudication; because, he says, counsel told him "to plea[d] guilty to having (2) two prior felony convictions"; and because, he says, counsel did not inform him of the correct minimum and maximum sentences for his conviction if the sentence was enhanced by one prior felony conviction. In his petition, Craig asserted that he was denied effective assistance only on the ground that counsel misinformed him of the range of punishment. This ineffective counsel claim was barred from the circuit court's consideration and, thus from our consideration, by the application of Rule 32.2(c).
 IV.
Finally, Craig argues that the circuit court erred in denying his petition because, he argues, once the court held two evidentiary hearings, it could not use Rule 32.2(c) to procedurally bar the allegations of his petition. In regard to this assertion, Craig argues that the court made "two rulings on the issue that was within the petition at both *Page 354 
hearings": (1) "the [trial] court could not use the youthful offender conviction under the Habitual Offender Act," and (2) the conviction in case CC-79-96, the third conviction, was not one of Craig's prior convictions. Craig makes this latter assumption from the circuit court's comment, prior to giving the prosecution additional time to prove that this third conviction was in fact one of Craig's, that "I guess from all it appears, it is not." The question of whether Craig did in fact have another or a third conviction was left unanswered. Craig further asserts that, also because the court held two hearings, the court should have made factual findings pursuant to Rule 32.9(d), which states that, in the event an evidentiary hearing is held, "[t]he court shall make specific findings of fact relating to each material issue of fact presented."
Under the circumstances, we see no harm in the circuit court's procedurally barring the allegations underlying the issues discussed in Parts I and III of this opinion, and failing to make more specific findings on the merits of Craig's allegations. Contrary to Craig's assumption, the court could not even reach the merits of Craig's claims that his guilty plea was involuntary and his counsel was ineffective. Furthermore, in view of Craig's failure to satisfy his burden of proof in regard to the prosecution's alleged use of an alleged youthful offender adjudication for enhancement of his sentence, the circuit court's limited finding of fact was sufficient.
Accordingly, the judgment is affirmed.
AFFIRMED.
TAYLOR, McMILLAN and MONTIEL, JJ., concur.
BOWEN, P.J., concurs in result only.
[1] Craig claimed that the second conviction used by the prosecution to enhance his sentence (CC-83-173) was a conviction for first degree theft of property, for which he was sentenced to 10 years' imprisonment, which was suspended, and he was placed on 5 years' probation.
[2] This is the range for first degree theft of property, a Class B felony. § 13A-5-6(a)(2). Enhancing this sentence with one prior felony would have raised the range to that of a Class A felony: 10 to 99 years' imprisonment or life imprisonment, §13A-5-9(a)(2), and if a firearm had been used in the commission of the felony, not less than 20 years' imprisonment. While the prosecutor's reliance on the range of 2 to 20 years' imprisonment is incorrect, that mistake does not negate his argument.