[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1255 
The appellant, Valentino Martin, pleaded guilty to third degree burglary and was sentenced to 18 years in prison on July 1, 1987. He did not appeal from his conviction, and filed a Rule 32, Ala.R.Crim.P., petition challenging the conviction on February 9, 1996. The trial court summarily denied the appellant's Rule 32 petition. Because the petition was filed beyond the two-year limitations period in Rule 32.2(c), Ala.R.Crim.P., the only issues the appellant presents that are reviewable by this court are his challenges to the court's jurisdiction to render a judgment and to impose sentence and his challenge to the legality of his sentence.
Specifically we note that the appellant's allegation that his constitutional rights have been violated is precluded from review because he presented no facts in support of the allegation, and because the claim was asserted beyond the two-year limitations period. Rules 32.6(b), and 32.2(c), Ala.R.Crim.P. Also the appellant's claim that the trial court was without jurisdiction to render a judgment or to impose sentence is precluded from review because the appellant presented no facts in support of the allegation. Rule 32.6(b), Ala.R.Crim.P.
The appellant has presented an issue, sufficiently supported by facts, which, if true, entitles the appellant to relief. The appellant correctly contends that his 18-year sentence for a Class C felony exceeds the 10-year maximum authorized by law. The appellant argues that there is nothing in the record to show that the Habitual Felony Offender Act ("HFOA") was applied to enhance his sentence; that he was not given notice of the State's intention to seek application of the HFOA; that the sentencing court did not conduct a sentencing hearing to determine whether the appellant had prior felony convictions; and that the sentencing court did not make a factual finding as to the validity of any alleged prior convictions used to enhance the appellant's sentence. According to the appellant, "the explanation of rights and plea of not guilty form only explained the range of punishment petitioner could receive and not notice of any intent to sentence him under an enhancement statute nor of the specific prior convictions he would have to defend against." C.R. 16. The record does not reflect what the appellant was told concerning the range of possible punishment or whether he was told that the HFOA would be applied. If the appellant's allegations are true (with the exception of the allegation relating to prior notice, which is discussed below), the appellant has correctly asserted that the trial court was without authority to sentence the appellant to more than 10-years in prison.
Lack of notice of the State's intent to seek sentence enhancement under the HFOA is not a jurisdictional issue and, therefore, is subject to the two-year limitations period. Additionally, an objection to the State's failure to provide prior notice of its intent to seek application of the HFOA is necessary at the trial level to preserve this issue for appellate review. Hall v. State, 676 So.2d 954 (Ala.Cr.App. 1995) ("[n]otice of the application of the HFOA may be waived absent a timely objection, but the implementation of an illegal sentence may be raised at any time").
The appellant's claim that his 18-year sentence for a conviction of a Class C felony exceeds the 10-year maximum authorized by law is meritorious on its face. The trial court's sentencing order states that the 18-year sentence is to run concurrently with a sentence from another case that the appellant is serving. While this would tend to indicate that the appellant has at least one prior felony, absent a stipulation to that fact by the appellant it does not remove the State's burden to prove prior felony convictions for sentence enhancement under the HFOA. *Page 1256 
 "In order to invoke the HFOA, 'the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies.' Rule 26.6(b)(3)(iii), Ala.R.Crim.P. 'If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as an habitual offender.' Rule 26.6(b)(3)(iii), Ala.R.Crim.P."
Shumate v. State, 676 So.2d 1345 (Ala.Cr.App. 1995).
In response to this allegation the State responded:
 "After review of the record, the State finds no notice given by the State of its intention to assert Petitioner's prior convictions, nor does it find that the court specifically sentenced Petitioner as a habitual offender. However, the court did order that Petitioner's sentence of 18 years run concurrently with the sentence he was then serving indicating that Petitioner obviously had a prior conviction. We incorporate by reference as State's exhibit 1 the court's record of Petitioner's sentencing. Petitioner had two prior felony convictions on the date he was sentenced in the present case. We incorporate as State's exhibit 2, copies of Petitioner's convictions. Due to the existence of these convictions, Petitioner's sentence did not exceed the maximum authorized by law because he was in fact a habitual offender."
C.R. 20.
The State's exhibit 2 is certified case action summary sheets from two prior felony offenses; both bear the appellant's name. Each case action summary sheet reflects that a guilty plea was entered, that counsel was present, and that the conviction was for a felony. C.R. 25, 26. However, the record does not dispute the appellant's allegations concerning his sentence and the application of the HFOA. There is nothing in the record indicating that the appellant stipulated that he had prior felony convictions at the time he was sentenced. " 'When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975.' Cade v.State, 491 So.2d 1075, 1076 (Ala.Cr.App. 1986) . . . (wherein the court found to be sufficient proof the defendant's admission, after having pleaded guilty pursuant to a plea bargain agreement, to having three prior felony convictions) [overruled on other grounds, Ex parte Chambers, 522 So.2d 313
(Ala. 1987)]." Craig v. State, 645 So.2d 349, 352-53
(Ala.Cr.App. 1994). Allowing evidence of prior convictions to be presented after the defendant has been sentenced denies the defendant an opportunity to "dispute[ ] any conviction presented by the state." See Rule 26.6(b)(3)(iii), Ala.R.Crim.P. Therefore, summary denial of the appellant's petition was error.
The petition does state a ground for relief that requires a determination on its merits. Therefore, the judgment of the circuit court summarily denying the petition on the issue of the application of the HFOA is reversed and this case remanded. The trial court may review the transcript from the proceedings on the merits concerning the appellant's sentence and may determine that the HFOA was correctly applied at that time and that the appellant's enhanced sentence is proper. However, if the trial court determines that the HFOA was not specifically applied at that time, the trial court must conduct a sentencing hearing at which the State may prove prior convictions for sentence enhancement under the HFOA. Even though as a practical matter the appellant received notice when the State responded to his petition, the appellant has not waived his right to prior notice of the convictions to be used for enhancement purposes. Therefore, the better course requires the State to notify the appellant of the convictions to be used for enhancement purposes. The trial court is instructed to make specific findings of fact relating to the appellant's sentence. Rule 32.9(d), Ala.R.Crim.P. Due return shall be filed in this court no later than 45 days from the date of this opinion and shall include the transcript from any further proceedings. *Page 1257 
REMANDED WITH DIRECTIONS.*
All the Judges concur.
* Note from the reporter of Decisions: On November 22, 1996, on return to remand, the Court of Criminal Appeals, affirmed, without opinion.