Walter Lee Brown appeals after pleading guilty and being convicted of 2 counts *Page 372 
of criminal possession of a forged instrument, a Class C felony, and 11 counts of negotiating a worthless instrument, a Class A misdemeanor. He was sentenced as a habitual felony offender with two prior felonies to 10 years' imprisonment for each of the two counts of criminal possession of a forged instrument, and 12 months in the county jail on each of the remaining 11 counts. The sentences are to be served concurrently.
On June 23, 1999, a guilty plea hearing was conducted at which Brown was represented by George E. Jones III. During the course of the plea colloquy, Brown admitted to having one prior felony conviction that could be used to enhance his two felony convictions. After accepting Brown's plea, the trial court stated, without objection, that sentencing would be deferred until the presentence investigation was completed. The case action summary sheet reflects that notice was mailed on July 29, 1999, informing the parties that sentencing was scheduled for August 16, 1999. Neither Brown nor Mr. Jones appeared for sentencing. The trial court noted on the record that because neither Brown nor his counsel were in court, it had determined that Brown had "voluntarily abandoned himself from court." (R. 8.) The trial court appointed local counsel to represent Brown's interest and proceeded with sentencing. The trial court stated that Brown had two prior felony convictions and it heard a plea for leniency from Brown's appointed counsel. The court then sentenced Brown to 10 years in prison for each felony and to 12 months in the county jail for the misdemeanors. The sentences are to run concurrently.
Brown contends on appeal that the trial court's judgment of conviction is void because neither Brown nor his court-appointed attorney was present at the time of sentencing and that the trial court erred by sentencing Brown pursuant to the Habitual Felony Offender Act.
Brown admitted that he had one prior felony conviction. "`The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant's sentence under the Habitual Offender Act.'" Nix v.State, 747 So.2d 351, 357 (Ala.Crim.App. 1999) (quoting Daniel v. State,623 So.2d 438, 441 (Ala.Cr.App. 1993)). "`"When an accused admits prior felony convictions, they are deemed proven for purposes of §13A-5-9, Code of Alabama 1975." Martin v. State, 687 So.2d 1253, 1256
(Ala.Crim.App. 1996) (citations omitted). Brown was correctly advised that the possible range of sentence when a Class C felony is enhanced by one prior felony conviction is not less than 2 years and not more than 10 years. No other prior convictions were presented at the plea colloquy. However, sentencing was deferred pending the presentence investigation. This action suggests that the trial court suspected that Brown had additional prior felony convictions that he had not disclosed.
At sentencing the trial court sentenced Brown as a habitual felony offender with two prior convictions. Nothing in the record before this court supports the use of two prior felony convictions for enhancement purposes. Because only one prior conviction was proven, it appears that Brown's sentence is illegal.[1] "`"The issue *Page 373 
of an illegal or improper sentence may be raised [on direct appeal] even where no objection was raised at sentencing."'" Estes v. State,776 So.2d 206 (Ala.Crim.App. 1999) (citations omitted).
Because we cannot tell from the record whether the sentence imposed by the trial court was a lawful sentence, this cause is remanded to the trial court with directions that that court vacate Brown's sentence and conduct a sentencing hearing with Brown and his counsel present and that, after the hearing, it resentence Brown. On remand, the trial court may conduct such further proceedings or take such evidence as it deems necessary to determine Brown's sentence. Should the court find two properly proven convictions for enhancement purposes, Brown should be given an opportunity to withdraw his plea because he was not advised of the possible sentence range, given those circumstances. Due return to this court should be made within 45 days from the date of this opinion.
Because our remand for a new sentencing hearing provides Brown the relief he sought on appeal, we pretermit discussion of Brown's claim that he was not present at sentencing.
REMANDED WITH DIRECTIONS.*
Long, P.J., and McMillan, J., concur. Baschab, J., concurs in result. Fry, J., recuses himself.
* Note from the reporter of decisions: On November 27, 2000, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[1] The possible range of sentence after a conviction for a Class C felony with two prior felony convictions is 10 years to life. The possible range of sentence after a conviction for a Class C felony with one prior felony convictions is 2 years to 10 years. We are aware of the that the 10-year sentence in this case falls within the overlap of the two ranges. Nevertheless, Brown is entitled to a new sentence hearing if for no other reason than the trial court was under the impression that the minimum sentence was 10 years.