COBB, Judge.
On November 30, 1992, John Leslie Horn pleaded guilty to second-degree possession of a forged instrument. The trial court sentenced him to 15 years in prison. Horn did not appeal from the conviction or sentence.
On September 3, 2003, Horn filed a Rule 32, Ala. R.Crim. P., petition. The State moved to dismiss the petition, and, on May 18, 2004, the circuit court summarily denied the petition in a detailed written order. This appeal followed.
In his petition, Horn claimed that the trial court was without jurisdiction to sentence him and that his sentence exceeded the maximum allowable by law because enhancement pursuant to the Habitual Felony Offender Act (“the HFOA”) was not “[authorized” in his case. (C. 18.) Specifically, Horn contended that the record did not indicate that he was sentenced as a habitual offender and, therefore, his sentence exceeded the maximum allowed by law.[1] He also claimed that his trial counsel rendered ineffective assistance. On appeal, Horn contends that the circuit court’s findings were incorrect and reiterates his sentencing claim; he also complains that the circuit court should have conducted an evidentiary hearing on his petition.
“[Wjhen the facts are undisputed and an appellate court is presented with pure questions of law, that court’s review in a Rule 32 proceeding is de novo.” Ex parte White, 792 So.2d 1097, 1098 (Ala.2001).
Rule 32.7(d), Ala. R.Crim. P., provides for the summary disposition of a Rule 32 petition only
“[i]f the court determines that the petition is not sufficiently specific [in violation of Rule 32.6(b), Ala. R.Crim. P.], or is precluded [under Rule 32.2, Ala. R.Crim. P.], or fails to state a claim, or that no material issue of fact or law exists which would entitle the petitioner to relief under this rule and that no purpose would be served by any further proceedings.... ”
Initially, we note that Horn’s claim of ineffective assistance of counsel was precluded by the period of limitations in Rule 32.2(c), Ala. R.Crim. Therefore, the circuit court’s summary denial of the claim was proper. Rule 32.7(d).
However, we remand this cause for the circuit court to address Horn’s sentencing claim. Horn attached to his petition a copy of the case action summary in this case, which reads, in pertinent part:
“It is further ordered that the defendant be and is hereby adjudged guilty of possession of forged instrument for which he was indicted and is now sentenced by the Court to the State Penitentiary for the term of 15 years to run concurrent with CC-92-2851 and the case he is currently serving time on (CC-89-000053-RGK).”
(C. 26.) Neither the State nor the circuit court took issue with Horn’s rendition of the facts. Rather, the State submitted certified copies of three of Horn’s prior felonies, and the circuit court found:
“[Cjertified copies of three of [Horn’s] prior felonies were submitted to the court and verify that [Horn] was, in fact, *541 properly sentenced under the Habitual Felony Offender Act.”
(R. 36-37.)
We addressed a claim similar to Horn’s in Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996). In Martin, the petitioner claimed that his 18-year sentence exceeded the maximum allowed by law because the record did not indicate that he had been sentenced as a habitual offender although his conviction was for a Class C felony, with a maximum sentence of 10 years. This Court remanded the case to the circuit court, reasoning:
“The appellant’s claim that his 18-year sentence for a conviction of a Class C felony exceeds the 10-year maximum authorized by law is meritorious on its face. The trial court’s sentencing order states that the 18-year sentence is to run concurrently with a sentence from another case that the appellant is serving. While this would tend to indicate that the appellant has at least one prior felony, absent a stipulation to that fact by the appellant it does not remove the State’s burden to prove prior felony convictions for sentence enhancement under the HFOA.
“ ‘In order to invoke the HFOA, “the burden of proof [is] on the state to show that the defendant has been convicted of a previous felony or felonies.” Rule 26.6(b)(3)(iii), Ala. R.Crim. P. “If the state fails to meet its burden of proof to establish one or more prior felony convictions, then the defendant shall not be sentenced as an habitual offender.” Rule 26.6(b)(3)(iii), Ala. R.Crim. P.’
“Shumate v. State, 676 So.2d 1345 (Ala.Cr.App.1995).
“In response to this allegation the State responded:
“ ‘After review of the record, the State finds no notice given by the State of its intention to assert Petitioner’s prior convictions, nor does it find that the court specifically sentenced Petitioner as a habitual offender. However, the court did order that Petitioner’s sentence of 18 years run concurrently with the sentence he was then serving indicating that Petitioner obviously had a prior conviction. We incorporate by reference as State’s exhibit 1 the court’s record of Petitioner’s sentencing. Petitioner had two prior felony convictions on the date he was sentenced in the present case. We incorporate as State’s exhibit 2, copies of Petitioner’s convictions. Due to the existence of these convictions, Petitioner’s sentence did not exceed the maximum authorized by law because he was in fact a habitual offender.’
“C.R. 20.
“The State’s exhibit 2 is certified case action summary sheets from two prior felony offenses; both bear the appellant’s name. Each case action summary sheet reflects that a guilty plea was entered, that counsel was present, and that the conviction was for a felony. C.R. 25, 26. However, the record does not dispute the appellant’s allegations concerning his sentence and the application of the HFOA. There is nothing in the record indicating that the appellant stipulated that he had prior felony convictions at the time he was sentenced. ‘ “When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code of Alabama 1975.” Cade v. State, 491 So.2d 1075, 1076 (Ala.Cr.App.1986) ... (wherein the court found to be sufficient proof the defendant’s admission, after having pleaded guilty pursuant to a plea bargain agreement, to having three pri- or felony convictions) [overruled on oth *542 er grounds, Ex parte Chambers, 522 So.2d 313 (Ala.1987)].’ Craig v. State, 645 So.2d 349, 352-53 (Ala.Cr.App.1994). Allowing evidence of prior convictions to be presented after the defendant has been sentenced denies the defendant an opportunity to ‘dispute[ ] any conviction presented by the state.’ See Rule 26.6(b)(3)(iii), Ala. R.Crim. P. Therefore, summary denial of the appellant’s petition was error.”
687 So.2d at 1255-56.
On authority of Martin, we remand this cause to the circuit court. Horn has asserted a claim that was meritorious on its face; therefore, summary disposition of that claim was in error. However, we note the remand instructions from Martin:
“The trial court may review the transcript from the proceedings on the merits concerning the appellant’s sentence and may determine that the HFOA was correctly applied at that time and that the appellant’s enhanced sentence is proper. However, if the trial court determines that the HFOA was not specifically applied at that time, the trial court must conduct a sentencing hearing at which the State may prove prior convictions for sentence enhancement under the HFOA. Even though as a practical matter the appellant received notice when the State responded to his petition, the appellant has not waived his right to prior notice of the convictions to be used for enhancement purposes. Therefore, the better course requires the State to notify the appellant of the convictions to be used for enhancement purposes. The trial court is instructed to make specific findings of fact relating to the appellant’s sentence. Rule 32.9(d), Ala. R.Crim. P.”
687 So.2d at 1256. While the circuit court certainly should review the transcript from the proceedings on the merits concerning Horn’s sentence to determine whether the HFOA was correctly applied at that time and whether Horn’s enhanced sentence is legal, the circuit court may not now sentence Horn as a habitual offender if, in fact, the record reveals that the HFOA was not invoked at his original sentencing. That is, the circuit court cannot now, after Horn has begun serving his sentence, apply the HFOA, because the HFOA must be invoked before a defendant’s original sentencing. See Ex parte Williams, 510 So.2d 135 (Ala.1987). In order to be consistent with the Alabama Supreme Court’s holding in Williams, to the extent that Martin allows a circuit court to resentenee a defendant under the HFOA by allowing the State to prove prior convictions after the fact of sentencing, that portion Martin is overruled.
If the circuit court discovers that the HFOA was not invoked before Horn’s sentencing, the circuit court is to resentence Horn within the statutorily acceptable range without HFOA enhancement. See § 13A-5-6(a)(3), Ala.Code 1975. If the circuit court discovers that the HFOA was in fact invoked before Horn’s sentencing and that it was applied to his sentence, the circuit court shall take no action on Horn’s sentence. In either case, the circuit court shall make specific findings of fact on return to remand to this Court. Due return shall be filed in this Court no later than 56 days from the date of this decision and shall include the transcript from any further proceedings.
REMANDED WITH DIRECTIONS. 
*543 McMILLAN, P.J., and BASCHAB and WISE, JJ., concur. SHAW, J., concurs specially, with opinion.

. Second-degree forgery is a Class C felony. See § 13A-9-3(b), Ala.Code 1975. The sentencing range for a Class C felony is at least 1 year and 1 day, but not more than 10 years in prison. See § 13A-5-6(a)(3), Ala.Code 1975.