SHAW, Judge
(concurring specially).
I concur fully with the main opinion. I write specially only to clarify what appears to me to be confusing language in Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996), upon which the majority relies. In remanding for a determination of whether Martin had been sentenced under the Habitual Felony Offender Act (“the HFOA”), the Court in Martin discussed the State’s burden of proving prior felony convictions for purposes of sentence enhancement. That language regarding proof of prior felony convictions was not meant to suggest that the State’s failure to prove prior felony convictions creates a jurisdictional defect; it does not. See, e.g., Johnson v. State, 675 So.2d 85, 87 (Ala.Crim.App.1995); Nichols v. State, 629 So.2d 51, 57-58 (Ala.Crim.App.1993); and Harrell v. State, 555 So.2d 257, 262 (Ala.Crim.App.1989). The jurisdictional issue in Martin, as in this case, was whether the HFOA had been invoked and applied to enhance the appellant’s sentence.