WELCH, Judge.
Gerry Lamar Allen appeals from the circuit court’s summary denial of his Rule 32, Ala. R.Crim. P., petition. The petition sought postconviction relief from his April 27, 2005, conviction, pursuant to a guilty plea, for unlawful distribution of marijuana and from his sentence to 25 years’ imprisonment. Allen did not seek review by direct appeal. Allen timely filed his Rule 32 petition on March 3, 2006.
*616 Allen presented the following claims in his petition:
1. That the trial court did not have jurisdiction to impose a 25-year sentence because that sentence exceeded the maximum allowed by law.
2. That the trial court did not have jurisdiction to enhance Allen’s 15-year base sentence where the record does not reflect that his sentence was enhanced pursuant to the Habitual Felony Offender Act (“HFOA”) § 13A-5-9, Ala.Code 1975, or that it was enhanced by §§ 13A-12-250 and -270, Ala.Code 1975, applicable when the sale occurred within three miles of a school or a public housing project.
3. That the trial court did not have jurisdiction to enhance Allen’s sentence pursuant to the HFOA because Allen was not given notice of the State’s intent to invoke the HFOA.
4. That the trial court did not have jurisdiction to enhance Allen’s sentence pursuant to the HFOA because properly certified copies of Allen’s alleged prior convictions were not submitted at his sentencing hearing in order to prove alleged prior felony convictions.
5. That the trial court did not have jurisdiction to render judgment or to impose sentence because Allen’s guilty plea was involuntarily entered. According to Allen, a) he was not advised of the minimum or the maximum punishment he was facing; b) the plea agreement does not reflect that Allen was sentenced as a habitual felon, nor does it state that the sentence is to be enhanced pursuant to § 13A-12-250 and § 13A-12-270, Ala.Code 1975; c) none of the requirements set forth in Rule 14.4, Ala. R.Crim. P., nor the mandates set forth in Boykin v. Alabama, 395 U.S. 238 (1969), were discussed with Allen before to the trial court accepted of his guilty plea.
6. That the trial court did not have jurisdiction to impose a 25-year sentence because the allegation that the distribution of marijuana took place within three miles of a school and a public housing project “was never proven and no factual evidence of this fact was presented by the State at sentencing.” (CR. 24.)
7. That Allen received ineffective assistance of trial counsel for the following reasons:
a. Trial counsel was ineffective for failing to challenge the trial court’s acceptance of Allen’s plea without his being advised of minimum and maximum possible punishment and for failing to apprise Allen of the consequences of his plea.
b. Trial counsel was ineffective for failing to object to the State’s failure to submit certified copies of alleged prior felony convictions.
c. Trial counsel was ineffective for failing to object to Allen’s being sentenced as a habitual felon when the State did not give Allen prior notice of its intent to invoke the HFOA.
d. Trial counsel failed to object to Allen’s receiving a 25-year sentence when the record is silent as to Allen’s being sentenced as habitual felon.
e. Trial counsel did not inform Allen that he would be sentenced as a habitual felon before petitioner entered his guilty plea.
f. Trial counsel was ineffective for failing to timely file a motion to withdraw Allen’s guilty plea on the grounds that Allen’s base sentence was enhanced beyond the maximum allowed by law where the record fails to show that his *617 sentence was enhanced pursuant to §§ 13A-12-250 and -270 and the HFOA.
g. Trial counsel was ineffective for failing to object to the State’s failure to prove that the distribution occurred within three miles of a school and public housing project.
h. Trial counsel was ineffective for failing to perfect a timely direct appeal.
On March 6, 2006, the circuit court ordered the State “to respond to [Allen’s] Rule 32 petition within thirty days.” (CR. 17.) The record does not reflect that the State responded. On September 19, 2006, without receiving a response from the State, the circuit court issued the following order.
“The Court has reviewed the Rule 32 Petition filed by [Allen] in this cause. [Allen] raises two issues: 1) that the sentence imposed exceeds the statutory maximum sentence, and 2) ineffective assistance of counsel. Both involve allegations that [Allen] was not properly put on notice of prior convictions for sentencing under the Habitual Offender Act.
“Both claims are without merit. The Plea Agreement in the cause clearly reflects the State’s notice that they could prove two prior felony convictions, and [Allen’s] admission that he had two prior felony convictions. Further, a transcript of the guilty plea before Hon. Tom F. Young, Jr., Circuit Judge, on April 27, 2005, reflects that [Allen] acknowledged that he voluntarily executed and understood the Plea Agreement in the cause.
“Accordingly, the sentence imposed is proper by law and [Allen’s] claims are without merit. The Rule 32 Petition is DENIED.”
(CR. 38.)
Allen appeals from the circuit court’s ruling. He reiterates the claims presented in his petition.
The instant Rule 32 petition represents Allen’s first opportunity to raise a claim of ineffective assistance of trial counsel. See Ex parte Ingram, 675 So.2d 863 (Ala.1996) (claims of ineffective assistance of trial counsel can be raised in a motion for a new trial or in a postconviction proceeding, whichever is the first reasonable opportunity to raise such a claim)
I.
The claims Allen presents concerning the application of the HFOA to his sentence are without merit. In his discourse regarding the State’s failure to offer certified copies to prove his prior convictions, Allen asserts in his brief that, “[Allen] shows in the record, he only stipulates to the fact of two prior felonies, this does not in no way negate the prior notice burden of the State.” (Allen’s brief at p. 7.) Contrary to Allen’s assertion, this Court has stated the following:
“ ‘ “The admission by a defendant of a prior conviction constitutes proper proof to enhance that defendant’s sentence under the Habitual Offender Act.” ’ Nix v. State, 747 So.2d 351, 357 (Ala.Crim.App.1999) (quoting Daniel v. State, 623 So.2d 438, 441 (Ala.Cr.App.1993)). ‘When an accused admits prior felony convictions, they are deemed proven for purposes of § 13A-5-9, Code 1975.’ Martin v. State, 687 So.2d 1253, 1256 (Ala.Crim.App.1996) (citations omitted).”
Brown v. State, 784 So.2d 371, 372 (Ala.Crim.App.2000). See also Martin v. State, 687 So.2d 1253, 1256 (Ala.Crim.App.1996); Hayes v. State, 647 So.2d 11 (Ala.Crim.App.1994); Connolly v. State, 602 So.2d 452 (Ala.1992); Tatum v. State, 607 So.2d 383 (Ala.Crim.App.1992); Loftin v. City of Montgomery, 480 So.2d 603 (Ala.Crim.App.1985); Burrell v. State, 429 So.2d 636 *618 (Ala.Crim.App.1982). Thus, contrary to Allen’s contention, his. voluntary admission that he had two prior felony offenses dispensed with the notice requirement and the State’s obligation to prove the offenses.
Because there was no error regarding the application of the HFOA to his sentence, counsel was not ineffective in this regard. According to Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), in order to constitute ineffective assistance of counsel, counsel’s performance must not only be deficient, but also the deficiency must prejudice the defendant’s case. Here, because there was no error, Allen’s trial counsel’s performance cannot be deemed deficient for failing to raise the issue.
II.
The record before this Court does not support the summary denial of Allen’s remaining claims. The State did not specifically refute any of Allen’s claims. The circuit court, in its order denying the petition, did not address Allen’s ineffective-assistance-of-counsel claims beyond counsel’s performance regarding the HFOA. The circuit court did not address Allen’s claims regarding §§ 18A-12-250 and -270, did not address Allen’s claim that his guilty plea was involuntary, and did not address Allen’s claim that he failed to appeal through no fault of his own. These claims were sufficiently specific to entitle Allen to relief, if true. Therefore, the circuit court must address them.
Accordingly, we remand this cause for the circuit court to address those claims not previously addressed and to enter specific findings of fact. On remand, the circuit court may, at its discretion, conduct an evidentiary hearing or take such other action as set forth in Rule 32.9(a), Ala. R.Crim. P. The circuit court may require the State to respond specifically to Allen’s contentions and to. demonstrate through a copy of the guilty-plea proceedings, ■ or through some other evidentiary means, that Allen is, in fact,, not entitled to relief. The return to remand shall include the circuit court’s written findings of fact and, if applicable, the State’s response and/or a transcript of the evidentiary hearing and/or any evidence submitted to the circuit court.
The circuit court shall take all necessary action to see that the clerk of the circuit court makes due return to this Court at the earliest possible time and within 63 days of the release of this opinion.
REMANDED WITH DIRECTIONS. *
McMILLAN and WISE, JJ., concur. BASCHAB, P.J., and SHAW, J., concur in the result.

 Note from the'reporter of decisions: On January 25, 2008, on return to remand, the Court of Criminal Appeals affirmed, without opinion.