PER CURIAM.
The appellant, Charles Anthony Kegler, appeals the circuit court’s summary denial of his petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P.
In February 1987, Kegler pleaded guilty to manslaughter and was sentenced to 25 years in prison. Kegler did not appeal his conviction.[1]
In May 2010, over 23 years after he pleaded guilty, Kegler filed his 7th post-conviction petition in the Jefferson Circuit Court. In this petition Kegler alleged that his sentence was illegal because, he argued, the State did not invoke the Habitual Felony Offender Act (“HFOA”) and that at the time of the offense manslaughter was a Class C felony with a range of punishment of not more than 10 years or less than 1 year and 1 day pursuant to § 13A-5-6(a)(3), Ala.Code 1975, and his 25-year sentence therefore exceeded the maximum authorized by law. Without receiving a response from the State, the circuit court denied the petition and made the following entry on the case-action-summary sheet:
“As he has alleged in numerous Rule 32 Petitions, [Kegler] again asserts that the State’s failure to give notice regarding the applicability of the Habitual Felony Offender Act should result in a new sentencing hearing. As [Kegler] is aware from previous rulings on the same issue, the ‘lack of notice of the State’s intent to seek sentence enhancement under the HFOA is not a jurisdictional issue and, therefore, is subject to the two-year limitations.’ Martin v. State, 687 So.2d 1253 (Ala.Crim.App.1996) (now a one year limitation period). Since the procedural bars do apply, this Petition is precluded by Rule 32.2(a)(3) Alabama Rules of Criminal Procedure, because it could have been raised at trial but was not. The claim is also precluded by Rule 32.2(a)(5), Alabama Rules of Criminal Procedure, because the claim could have been raised on appeal but was not. This is also precluded by Rule 32.2(b), Alabama Rules of Criminal Pro *224 cedure, because Kegler raised the same grounds in at least three Rule 82 Petitions. Finally, since this is not a jurisdictional issue and more than one year has passed since the time for filing an appeal, the claim is precluded by Rule 32.2(c), Alabama Rules of Criminal Procedure.”
(C. 6.) Kegler filed a motion for reconsideration. The circuit court denied that motion; this appeal followed.
Kegler argues on appeal that the circuit court erroneously mischaracterized his claim as a challenge to the State’s failure to provide notice of its intent to proceed under the HFOA, not that the State failed to invoke the HFOA; therefore, he argues, the circuit court erred in summarily denying him relief.
When reviewing a “circuit court’s rulings made in a postconviction petition, we may affirm a ruling if it is correct for any reason.” Bush v. State, [Ms. CR-03-1902, May 29, 2009] -So.3d -, - (Ala.Crim.App.2009).
This Court has taken judicial notice of our records related to Kegler’s appeals from the denial of his previous postconviction petitions attacking his manslaughter conviction. See Nettles v. State, 731 So.2d 626 (Ala.Crim.App.1998). Our records indicate that this is an appeal from the denial of Kegler’s seventh postconviction petition. We affirmed the denial of Kegler’s first postconviction petition in 1990, Kegler v. State, 572 So.2d 889 (Ala.Crim.App.1990) (table); of his second postconviction petition in, 1993, Kegler v. State, 639 So.2d 589 (Ala.Crim.App.1993) (table); of his third postconviction petition in 1996, Kegler v. State, 698 So.2d 805 (Ala.Crim.App.1996) (table); of his fourth postconviction petition in 2004, Kegler v. State, 910 So.2d 839 (Ala.Crim.App.2004) (table); of his fifth postconviction petition in 2005, Kegler v. State, 954 So.2d 1147 (Ala.Crim.App.2005) (table); and of his sixth postconviction petition in 2009, Kegler v. State, 46 So.3d 979 (table).
We stated the following in our unpublished memorandum denying Kegler’s sixth postconviction petition:
“The State’s alleged failure to invoke and apply the HFOA at sentencing was a jurisdictional issue. See Horn v. State, 912 So.2d 539 (Ala.Crim.App.2004)(the trial court lacks jurisdiction to impose an enhanced sentence if the State fails to invoke the HFOA prior to sentencing). However, even if an issue is jurisdictional, the defendant is not entitled to successive postconviction review of that issue if it was raised and rejected in a previous petition. Ex parte Trawick, 972 So.2d 782 (Ala.2007). In his fifth postconviction petition, Ke-gler asserted that ‘the circuit court imposed a sentence in excess of the maximum provided for a Class C felony.’ In an unpublished memorandum issued on February 20, 2004, this court affirmed the trial court’s denial of that petition and stated, in pertinent part:
“ ‘[I]n reviewing Kegler’s prior cases before this court, we note that Ke-gler’s fifth petition for post-conviction relief fails to mention two prior felony convictions: a 1981 conviction for second-degree theft and a 1985 conviction for second-degree receiving stolen property. Because application of the Habitual Felony Offender Act is mandatory, see Cunny v. State, 629 So.2d 693 (Ala.Crim.App.1993), the circuit court was required to sentence Kegler in accordance with the provisions of § 13A-5-9, Ala.Code 1975, even if the court ordered the manslaughter sentence to run concurrently with one or more of Kegler’s previous sentences.’
*225 “Kegler’s claims were precluded because they were nonjurisdictional and untimely or successive and previously rejected.”
The claim Kegler presents in his seventh postconviction petition has already been addressed and rejected on the merits. The Alabama Supreme Court in Ex parte Trawick, 972 So.2d 782 (Ala.2007), held that a jurisdictional claim that has been addressed on the merits in previous proceedings is procedurally barred in a subsequent postconviction proceeding. The Court stated:
“Rule 82.2(b), Ala. R.Crim. P., generally precludes a trial court from granting relief in response to a successive Rule 82 petition. Rule 32.2(b) defines a ‘successive petition’ as follows: ‘If a petitioner has previously filed a petition that challenges any judgment, all subsequent petitions by that petitioner challenging any judgment arising out of the same trial or guilty-plea proceeding shall be treated as successive petitions under this rule.’ Rule 32.2(b) creates a two-pronged approach to addressing successive petitions. The first inquiry, under Rule 32.2(b), is whether the grounds raised in the successive petition are du-plicative, that is, have the same grounds been raised in a prior petition. Under Rule 32.2(b), ‘[t]he Court shall not grant relief on a successive petition on the same or similar grounds on behalf of the petitioner.’
“The second prong of Rule 32.2(b) states that ‘[a] successive petition on different grounds shall be denied’ unless one of two exceptions apply. (Emphasis added.) The exception that Trawick attempts to invoke in this case allows the trial court to consider a successive petition when ‘the petitioner is entitled to relief on the ground that the court was without jurisdiction to render a judgment or to impose sentence.’ Rule 32.2(b), Ala. R.Crim. P. Trawick’s claim that his sentence is illegal under the HFOA presents a jurisdictional claim. See, e.g., Ex parte Robey, 920 So.2d 1069, 1071-72 (Ala.2004) (holding that because multiple punishments for the same offense constitute a sentence that exceeds the maximum allowed by law and an illegal sentence affects the trial court’s jurisdiction, ‘Robey is not barred from asserting in this successive Rule 32 petition the violation of his double-jeopardy rights’); Ex parte Sanders, 792 So.2d 1087, 1091 (Ala.2001) (‘ “[wjhether a sentence is excessive ... is a jurisdictional issue” that is not precluded by the limitations period of Rule 32, by the rule against successive petitions, or by Rule 32.2(a)(3)’). However, Trawick’s fourth Rule 32 petition asserts a ground Traw-ick has previously asserted, even if it is a jurisdictional issue. Therefore, the second prong of Rule 32.2(b), which is limited to successive petitions on different grounds, does not apply.
“The first prong of Rule 32.2(b) precludes Trawick from reasserting a jurisdictional claim ‘on the same or similar grounds.’ Because Trawick’s jurisdictional claim is duplicative, the issue having already been raised and adjudicated on its merits by the trial court in his third petition, we do not reach the second prong of Rule 32 containing the jurisdictional exception. Compare Grady v. State, 831 So.2d 646, 648-49 (Ala.Crim.App.2001) (‘[Ajlthough this is a successive petition ... jurisdictional claims are not “precluded by the limitations period or by the rule against successive petitions.” ... Moreover, from the record before us, Grady did not claim that his sentence Was illegal in his first Rule 32 petition.’ (emphasis added)). Although our cases have previously stated that jurisdictional claims can *226 not be precluded as ‘successive,’ that exception to Rule 82.2(b) applies only to jurisdictional claims not previously raised and adjudicated on the merits.”
972 So.2d at 783-84. Because Kegler’s claim has already been addressed and rejected on the merits according to Trawick, this jurisdictional claim asserted in Ke-gler’s seventh postconviction petition is barred as successive.
Kegler has attacked his 1987 sentence in at least three of his prior postconviction proceedings.[2] After having failed in his repeated attempts to obtain relief based on claims that he did not receive notice that his sentence would be enhanced by application of the HFOA and that the State did not properly prove his prior convictions, Kegler has changed his approach. It is clear that this change is an attempt to circumvent the procedural bars of Rule 32 so that he may relitigate a claim that has repeatedly been decided against him by this Court and by the circuit court.
The circuit court correctly denied Ke-gler’s seventh Rule 32 petition. For the reasons stated above, we affirm the circuit court’s ruling.
AFFIRMED.
WISE, P.J., and WELCH, WINDOM, and KELLUM, JJ., concur; MAIN, J., dissents, with opinion.

. Kegler had two years from March 1987 to file a timely Rule 32 petition. See Court Comment, Rule 32.2, Ala. R.Crim. P.

. The first postconviction petition was filed when the temporary Alabama Rules of Criminal Procedure were in effect and was therefore filed under Rule 20, Ala. R.Crim. P. Temp.